### THE STATE OF IOWA, *ex rel.* VAN HOUTON v. JONES, County Judge.

1. ANSWER TO A WRIT OF MANDAMUS. The answer to an alternative writ of *mandamus*, should not be ambiguous, and when it sets up, in justification of defendant's action, prior proceedings relating to the same subject matter, in the same court, such proceedings should be fully stated so that the plaintiff may reply thereto, and the court be enabled to determine whether they were legal and constitute a good defense.

2. PLEADING OVER IN MANDAMUS PROCEEDINGS. Where exceptions to an answer to an alternative writ of *mandamus* were overruled, and the relator asked leave to plead over, which was refused; *held*, that leave should have been granted.

3. PROCEEDINGS ON AN INSUFFICIENT ANSWER. Where the answer to an alternative writ of *mandamus* is insufficient, the court will not, in the first instance, direct that a peremptory writ issue. The order should be that respondent have leave to file a more perfect answer, and the relator to reply thereto.

*Appeal from Hardin District Court.*

The State of Iowa ex rel. Van Houten v. Jones, County Judge.

MONDAY, NOVEMBER 7.

THE case is fully stated in the opinion of the court.

*W. Penn Clarke* and *H. C. Henderson*, for the appellant. No brief on file.

*E. W. Eastman* for the appellee, cited Code of 1851, sections 104, 141, 150, Tapp. Man. 389, 400, 410, 413, 417, 439, 444; *Price and Wait* v. *Harned et al.,* 1 Iowa 473.

WOODWARD, J. — Information for a writ of *mandamus.* The information represents that in accordance with a petition filed in the County Court, in January A. D. 1858, and with an order of the county judge, and the legal notice to that effect, an election was holden in the county of Hardin, in April of the above year, upon the question of the relocation of the county seat at Point Pleasant, instead of Eldora, the then present seat; and that such proceedings were had, that the canvassers certified that Point Pleasant received a majority of the votes cast upon the said question, and declared it the county seat; and the information farther states that the county judge had been requested to remove the records and offices of the county to Point Pleasant, as he was in duty bound to do, but he neglected and refused so to do.

An alternative writ was issued 30th April, 1858, reciting the foregoing matters, and commanding the judge to remove or cause to be removed, all the records and documents of the said county, to the town of Point Pleasant, and in default thereof he make known why he has not done the same, on the sixth day of the May term of the said court.

The county judge made return showing cause, and therein says that in pursuance of the mandate of said court contained in an alternative writ of *mandamus* issued by said court on the 26th day of April A. D. 1858, directed to the board of county canvassers of Hardin county, the said board did recanvass the vote given at the said election upon the question of relocating the county seat, and that at such

recanvass such proceedings were had that the said canvassers found and certified that said Eldora received the majority of the votes cast on that question, (stating the numbers,) and declared the same to be, and remain, the county seat, and the said result was duly and legally recorded.

Wherefore, the respondent claims that Eldora is the county seat, and prays judgment if he is bound to remove the records and documents of the said county.

To this answer the relator takes exception, and objects that it neither admits nor denies the facts set out in the writ; that it is not responsive to the writ, but sets up new matters upon which the relator can not take issue; that the reference to the former writ is ambiguous and uncertain, and does not show that said writ commands. It is not necessary to enumerate all the eight exceptions, for the third and last above named is sufficient.

The answer is ambiguous. It does not refer to any former proceeding in such manner that it may be understood so that the plaintiff may reply to it, and so that the court can determine whether the proceedings stated were legal and sufficient. The District Court, in adjudicating upon it, must have taken into its view, facts which had transpired before, and were known to them, but another court does not know these, and for the want of them, can not determine the lawfulness of that proceeding, nor the sufficiency of this answer in pleading it. We are of the opinion that the court erred in overruling the exception and discharging the defendant. The exceptions being overruled, the relator asked leave to plead over, which motion was also overruled. This motion should have been sustained. It is the intention of the law of this State to assimilate special proceedings, like the present, to actions, as far as is compatible with their nature, and in accordance with this idea, the relator should have been permitted to reply, and so either party until they arrived at an issue of fact or of law.

The issuance of a peremptory writ is not the necessary consequence of the respondent's answer being insufficient, for

the insufficiency was in the pleading only, and not in the matter. The defect is that the defendant does not set out enough of the prior proceeding, whilst what is shown is, in its nature, and apparently, good. Then, though the answer is held insufficient, the court will not in the first instance order a peremptory writ, as the relator moved, but will direct the respondent to file a fuller and more perfect answer, and that the relator have leave to reply thereto if he sees fit.

One point remains to be spoken of before dismissing the case. There was a motion at the December term 1858, to affirm the judgment for want of prosecution, which was overruled. At the same term was a motion to dismiss the appeal, which was sustained. The relator then appealed again, to the June term 1859, when a motion was made to dismiss this appeal also. This motion was overruled at the time for the purposes of the hearing, to be considered upon the examination of the case. And having given attention to the history and circumstances of the cause, we are of the opinion that under the circumstances (but which the time does not permit us to enter upon) the appeal should be sustained.

The judgment of the District Court is reversed, and a writ of *procedendo* will issue.