The State of Iowa v. The County Judge of Hardin County.

and several obligees, set up this cause of action against one of the joint and several obligors. We are clearly of the opinion that in view of the power given to the court to render judgments, in such cases, by § 3123, (Rev.) he may set it up as a counter-claim, (and perhaps as a set-off.) Whether he could as a cross-demand, may admit of more doubt. (And see *Eyre* v. *Cook*, 10 Iowa, 586.)

There is no objection to defendant's demand, that he claims as for a tort, and not upon contract. He claims damages arising under a contract, most clearly. If it was otherwise, it is questionable whether it would make any difference. *Raver* v. *Webster*, 3 Iowa, 502.

The bond on file was substituted for the one given at the commencement of the action, and as it had the effect of sustaining and upholding plaintiff's attachment from that time (as far as the requirement of a bond is concerned,) so, from that date it is to be treated as defendant's security. Being such, it was not a claim accruing to defendant after the commencement of the action, as assumed by plaintiff. It took the place of the original one, and is to be treated as if then filed.

Other matters of minor importance are discussed by counsel. The foregoing views, however, dispose of the substantial points, and the judgment below will be

Reversed.

---

THE STATE OF IOWA, *ex rel.* VAN HOUTEN, V. THE COUNTY JUDGE OF HARDIN COUNTY.

1. MANDAMUS: RE-CANVASS OF VOTES. The District Court has power to compel the board of canvassers to re-canvass the votes cast at an election to fix the location of a county seat; and the judgment of the court upon the return of the board to a writ of mandamus, is, until it is reversed, binding, and cannot be collaterally impeached.

2. COUNTY SEAT: RECORD. In determining where the records of a county should be kept, the county judge had no power to go behind the record of the election.

*Appeal from Hardin District Court.*

TUESDAY, APRIL 15.

FOR a statement of the facts out of which this case arose see the report of the same case on a former appeal, 10 Iowa, 65, and *The State of Iowa, ex rel. Alderson*, v. *The County Judge of Hardin County*, 11 Iowa, 11. The particular questions raised on this appeal are stated in the opinion of the court.

*H. C. Henderson* for the appellant.

Does the record set out in the defendant's return constitute a bar to this proceeding? The determination of this question depends upon the following propositions of law:

I. The granting of an alternative writ of mandamus is not such an ascertainment of right, and a judgment of the court upon the right, as to conclude all the parties, and all the world beside. It is not a decision upon the merits, 1 Greenl. Ev., § 530; *The State, ex rel. McCall et al.*, v. *The Justices of Avon*, North C. L. R. (Busbee), 302.

II. If it is a judgment, in order to constitute it a bar it must appear, (1) that it was in an action between the same parties; (2) on the same subject matter; (3) and was a decision upon the merits. 1 Greenl. Ev., §§ 522-530.

III. The proceedings in the case of *The State on the relation of Alderson* are void upon their face, as is clearly shown by their record. A writ of mandamus confers no right and carries with it no authority. *Brown* v. *O'Brien*, 2 Carter, 423, cited and approved in *The State, ex rel. Rice*, v. *The County Judge of Marshall*, 7 Iowa, 200; the writ commands the performance of a duty which exists independently of the writ, is "specially enjoined by law." Code, §

2179. This court has repeatedly decided that the canvassers cannot reject, nor inquire into the validity or sufficiency of a return. They must count the returns, and leave the question of their validity to another tribunal. *The State of Iowa, ex rel. Rice*, v. *The County Judge, supra; The State, ex rel. Byers*, v. *The County Judge of Floyd County*, 7 Iowa, 390; *Disbrow et al.* v. *Smith, County Judge, et al.*, 10 Iowa, 212. "If the mandate exceed the legal obligation or duty of the defendant, it is therefore void, *Chance* v. *Temple*, 1 Iowa, 195; *Wright* v. *Marsh et al.*, 2 G. Greene, 117.

*E. W. Eastman* for the appellee.

I. The demurrer admits that the allegations and statements in the defendant's answer are true. *Games* v. *Robb*, 8 Iowa, 199; *Coffin* v. *Knott*, 2 G. Greene, 584; 1 Chit. Pl., 662; 1 Bour. L. Dict., Title "Demurrer."

II. Even by a replication, the judgment in the case of *The State, ex rel. Alderson*, v. *The County Judge of Hardin County*, cannot be reviewed in this collateral proceeding. 1 Greenl. Ev., §§ 523, 528, 531, 534, 536; *Cooper* v. *Sunderland*, 3 Iowa, 130; *Smith* v. *Kernochen*, 7 How., 215–217; *Adams* v. *Barnes*, 17 Mass., 367; *Voorhees* v. *The Bank of the United States*, 10 Pet., 472.

III. The record in the election book in the county judge's office, while it remains there, if legal upon its face, is binding upon the county judge and all the county officers. It is presumed to have been legally made. 1 Greenl. Ev., § 19; *Lee* v. *Cooke*, 1 Wash. R. (Vt.), 307.

IV. This court has repeatedly decided that the District Court has power by mandamus to compel a re-canvass of votes. *Price* v. *Waite and Harned*, 1 Iowa, 481; *The State of Iowa, ex rel. Rice*, v. *The County Judge of Marshall*, 7 Iowa, 158; S. C., 9 Id., 334.

V. In the case of *The State of Iowa, ex rel. Alderson*, v. *The County Judge of Hardin County*, notice was properly

served, and the court acquired jurisdiction. Every presumption is in favor of the regularity of its subsequent proceedings. *Sprague* v. *Litherberry*, 4 McLean, 442 ; 1 Id., 224 ; *Morrow* v. *Weed*, 4 Iowa, 88 ; *Hickman* v. *Boffman*, Hardin, Ky., 348 ; *Gibson* v. *Foster*, 2 Ann. La., 503 ; *Gentile* v. *Foley*, 3 Id., 146 ; *Dallarhide* v. *Muscatine County*, 1 G. Greene, 158 ; *Wray* v. *Ho-ga-pa-nubby*, 10 S. and M., 452 ; *Linn* v. *Montross*, 5 Texas, 510 ; *Morrow* v. *Weed*, 4 Iowa, 87.

BALDWIN, C. J.[1]— The facts upon which the relator bases his prayer for a writ of mandamus, are in substance set forth in the opinion of WOODWARD, J., delivered in this cause, upon a former appeal. 10 Iowa, 65. The case of *The State, ex rel. Alderson*, v. *The same respondents*, originated out of the same county seat controversy, and a further history of this case may be had by reference to the statement and opinion in that case, as appears in 11 Iowa, p. 11.

The judgment of the District Court upon the former appeal was reversed. Upon the return of the writ of *procedendo* from this court, the relator caused an *alias* alternative writ to issue against J. H. CUSACK, the then acting County Judge, commanding him to either remove the records of said county to Point Pleasant, or to show cause why he refused so to do. Upon the return of this writ, CUSACK, as County Judge, answered that he entered upon the duties of his office upon the 1st day of January, 1860, and that officially, he could state nothing in answer to the allegations of the petition except as to the facts that appeared of record in his office. The respondent in his answer, concedes the fact as stated in the relator's petition, that an election was held in April, 1858, upon the question of a re-location of the County seat, and that, upon the 9th day of said month, a record

---

[1] WRIGHT, J., having been of counsel, took no part in the determination of this cause.

was made by the board of canvassers, in which it was declared that Point Pleasant, having received a majority of all the votes cast, was the county seat of said county.

The respondent further states, that there is another and additional record, made on the 26th day of April, 1858, by the board of canvassers, in obedience to a writ of mandamus from the District Court, which record declares that Eldora, having received a majority of all the legal votes cast at said election, shall remain the county seat of said county.

The respondent further states, that there is no paper or record in his office purporting to be the writ of mandamus, or authority by which said last mentioned record was made. That respondent had obtained from the Clerk of the District Court, a transcript of the papers and proceedings of the District Court in the case of *The State, ex rel. Anderson,* v. *The County Judge and others,* as canvassers, in which said writ had issued, from which it appeared that said writ had been obeyed, and in pursuance thereof the record made, declaring Eldora the county seat of said county. A full transcript of said cause is attached to, and made a part of, respondent's answer.

To this answer there was a demurrer filed, which being overruled by the court, and judgment for the respondent entered thereon, the relator appeals. Many exceptions are taken by the relator to this answer, all of which strike at the validity of the record made by the board of canvassers, under the order of the court in the case of *The State, ex rel. Alderson,* v. *Said canvassers.*

It is claimed that this proceeding was illegal, fraudulent and void, and that the record made by the canvassers in the election book, under the order of this void judgment, should be treated by the respondent as a nullity, and that the first canvass, and the record thereon, should govern the county judge in determining where to keep the records of

said county. It is argued by the counsel for appellant, that the board of canvassers have no power within themselves as such board, to reject the vote of any precinct,—that it is their duty to count the votes as returned to them, and that if in the canvass in this case, the board had no power to reject the vote of a precinct, that the court had no power to compel such board to do an act the law did not authorize if to do of its own motion. The case of *Chance* v. *Temple*, 1 Iowa, 179, is cited in support of this position. In that case, the court was asked to compel the respondent to do an act that would have been a nullity when done, and an act the law did not require of the respondent as an officer.

We are not prepared to say that the board of canvassers must canvass every return that is made to them, and that they have no power to reject a return from any township in the county under any circumstances. It is their duty to open and examine the several returns, and make abstracts stating in words written at length, the number of ballots cast in the county for each office, the name of each person voted for, and the number of votes given to each person for each different office. See § 271, Code. The returns they are to examine are required to be made in the manner pointed out in § 267, and must be returned to the county judge as provided for in § 268 of the Code.

Should it appear that a return had been made, not signed by the officers holding the election, or that it had been in the custody of a person not either a judge or clerk of such election, or that it had been abstracted from the custody of such officer and mutilated, or names added to the list of voters, or the result as written out, changed, it is certainly not the duty of the board to canvass such a return. It is not a return within the meaning of the law. If they have no authority to count such a return, they must reject it. If they fail to discharge their duty, and count a return

which they should reject, are they not subject to the mandate of this writ, to compel them to discharge such a duty ?

We do not undertake to say that the board of canvassers, after having once assembled, and canvassed the vote, and declared the result, have the power within themselves to reässemble and re-canvass the same vote, and declare a different result.

That they may be compelled, by writ of mandamus, to re-canvass and correct a mistake, has been determined by this court in the case of *Price and Wait* v. *Harned et al.*, 1 Iowa, 473.

Without determining, however, whether the court erred in issuing the writ of mandamus in the Alderson case, that is, whether there was such a state of facts shown as to justify the interposition of the court, or whether the relator and the canvassers colluded together for the purpose of disfranchising the voters of a portion of the county, or whether the return to the writ was made in bad faith by said board or otherwise, it is sufficient to say that the court had the power to compel the board to re-canvass, and its order to this effect is not a nullity. It cannot, therefore, be claimed that the issuance of the writ in the Alderson case, the return of canvassers, and the judgment of the court thereon is void. It is a matter over which the court could take jurisdiction. It is the judgment of a court of general jurisdiction, and as long as such judgment stands unreversed, it is binding and cannot be attacked in a collateral proceeding. *Wright* v. *Marsh et al.*, 2 G. Greene, 95 ; *Hampton et al.* v. *Weare et al.*, 4 Iowa, 13 ; *Smith* v. *Dubuque County*, Id., 492.

The county judge, in this case, must be controlled by the record in the election book, in determining at what place he will keep the records of said county, and in arriving at a proper conclusion upon this question, he has no power to

go behind the record, or to collaterally attack the judgment which directed the canvassers to declare the final result as appears then to have been made.    Judgment

Affirmed.[1]

---

[1] A petition for a rehearing of this cause was overruled by the court.— REPORTER.