MATTER v. PHILLIPS ET AL.

1. **Judgment:** PAYMENT TO TRUE OWNER.   The payment of the amount of a judgment by the judgment debtor, upon garnishment as the debtor of the true owner, will release him from liability upon the judgment though it stands in the name of another, and he is entitled to an injunction restraining its collection.

2. **Practice:** APPEARANCE: INJUNCTION.   An action was commenced during term time, and the defendant required to appear and show cause why a temporary injunction should not issue.   He appeared and filed a demurrer to the petition which was overruled, whereupon he refused to plead further: *Held*, that he could not be required to answer to the merits until the next or return term.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 27.

IN CHANCERY.   An injunction was allowed upon plaintiff's petition, and from this order defendants appeal.   The plaintiff

moved for a default against defendants; his motion was over-ruled, and from this decision he appeals.

*W. T. Love*, for plaintiff.

*L. W. Goode*, for defendants.

BECK, CH. J.—I. The petition alleges that plaintiff executed his promissory note to one Wilson, who delivered it to J. H. Phillips to be sued upon for the use and benefit of Wilson, and for that purpose indorsed the note to Phillips; that Phillips recovered judgment in his own name, but had no interest whatever in the action; that plaintiff was served with process of garnishment as the debtor of Wilson, and answering, admitted his indebtedness, and paid the amount due, and that Phillips, well knowing the facts alleged, has caused an execution to be issued and levied upon the property of plaintiff. Upon the alleged facts an injunction is prayed for to restrain Phillips from collecting the judgment and asking that the officer holding the execution, who is made a defendant, be restrained from further proceeding to collect the execution.

The petition was filed during the term of court and defendants were required to appear and show cause why the injunction should not be allowed. They appeared and demurred to plaintiff's petition, and thereupon the question of its sufficiency to authorize the allowance of the injunction was brought before the court. The demurrer was overruled and the injunction was allowed. This action of the court presents the first question arising in the case.

II. The petition alleges that Phillips, the nominal plaintiff in the judgment, had no interest whatever in the action, which 1. JUDGMENT: was prosecuted in his name for the benefit of Wilpayment to true owner. son. The demurrer admits this allegation.

The question presented is this: Was plaintiff authorized to make payment to the real party in interest, or would he be bound by garnishee process against him as the debtor of the real party holding the judgment. Upon this question there can be no doubt. Plaintiff was authorized to make payment to Wilson as the person really holding the judgment, and such

payment would preclude the nominal plaintiff in the judgment from enforcing it.   See Freeman on Judgments, section 462, and authorities cited.

The payment by plaintiff may be considered as voluntary; yet, as under the admissions of the pleadings it was made to the real party in interest, he is discharged thereby.

III.   The plaintiff, after the ruling of the court upon the demurrer, and the allowance of the injunction, moved that a default be entered for the reason that defendants failed to answer the petition.   The motion was overruled, and from this decision plaintiff appeals.

2. PRACTICE: appearance: injunction.

The court properly refused to enter the default.   The petition was filed during the April term, the return term being in November.   The court required the defendants to appear and show cause why the injunction should not be allowed.   In response to this rule defendants appeared and presented their objections to the petition and relief claimed therein by demurrer.   After the allowance of the injunction, the defendants no farther appeared in the case.   It is very plain that the defendants were not required to answer at the April term.   Their appearance was special, in response to the rule of the court, and their demurrer was filed for the special purpose of raising the question of the sufficiency of the petition to authorize the allowance of an injunction thereon.   The defendants had until the proper day of the following term to further answer the petition.

The case presents no other questions.   As we discover no error in the decisions of the court below, the judgment is affirmed as to the appeals of both parties.

AFFIRMED.