BEN RUMMEL *et al.* v. WM. DEALY *et al.*, Members of the Board of Supervisors of Sioux County, Iowa, Appellants.

**Mandamus:** WHEN SOLE REMEDY: *Canvass of election returns.* Code, sections 4241, 4344, provide that the action of mandamus is one brought to obtain an order commanding a board to do an act the performance of which the law enjoins as a duty resulting from the office, and that an order for mandamus shall not issue in any case where there is a plain, speedy and adequate remedy at law, save as therein provided. The board of supervisors refused to canvass election returns which the judges had failed to properly certify and authenticate, and to permit the judges who appeared before them at the same session to correct any errors in the authentication. *Held,* that mandamus will lie to compel the board to permit such authentication and to recanvass the returns. at the suit of taxpayers and voters not candidates at such election, since it is the only remedy available to complainants.

WHEN WARRANTED. Where election judges failed to properly certify and authenticate the returns from their precincts, but, on discovering their mistake, offered to certify them in due form, while the board of supervisors was in session and in the act of canvassing the returns of the county, which the board refused to permit,—there being no question as to the identity of the judges, and that the returns were at all times in the custody of the proper parties,—it was competent for the court to order the board to permit such authentication and to canvass such returns since it was the duty of the board to have permitted such certification.

WHO MAY NOT COMPLAIN OF ORDER. In an action by taxpayers and voters in certain election precincts, for mandamus, to compel the board of supervisors to permit the election judges in such precincts to correct their returns, which they failed to properly authenticate and certify, and, when so corrected, to canvass them, the election judges were present in court, ready and, willing to certify the returns in due form. *Held,* that the

action of the court in directing them to do so forthwith, and then ordering defendants to reassemble and recanvass the votes, could not be complained of by defendants, since, by consent of the judges, they did in court what it was proper for the court to order the board to permit them to do.

**Appearance Term: WAIVER.** Where, in an action to compel the board of supervisors to permit the authentication of returns by the election judges and to recanvass the votes, the county attorney appeared for defendants, and plaintiff's attorney appeared for his clients, at the same term at which the petition was filed, and, on stipulated facts, proceeded to trial, the court had jurisdiction for purposes of adjudication at such term, since the objection that the term at which a petition is filed is not the appearance term is waived by appearance and consent to proceed to trial.

*Appeal from Sioux District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, DECEMBER 21, 1900.

ACTION to compel a recanvass of votes in certain townships of Sioux county, Iowa. Judgment for plaintiffs, and defendants appealed.—*Affirmed.*

*Hatley & Irwin* for appellants.

*John B. Van Dyke* for appellees.

GRANGER, C. J.—The facts of this case appear by stipulation, and it appears that Buncombe and Capel townships are voting precincts in Sioux county, Iowa; that the defendants were members of the board of supervisors of said county in 1898; that at the general election in 1898 the judges of election in said townships failed and neglected to properly certify and authenticate the election returns from said townships, and that in consequence thereof the board of supervisors in November, 1898, when canvassing the election returns in said county, refused to canvass the returns from said townships; that while said board of supervisors was still in session at its November session, 1898, the judges of election appeared and asked of said board to be

permitted to correct any errors committed by them in the authentication of the returns, which request the said board refused, and refused to consider the votes shown by said returns; that the refusal to canvass the returns from said townships, in addition to the effect thereof on other propositions and candidates voted for at said election, especially affected the result as to the office of supervisor from the supervisor district in which said townships are situated, and also the result as to two justices of the peace in each of said townships. The petition in this case was filed during the November term of the district court of Sioux county, 1898 —Robert W. Olmstead, county attorney, appearing for the defendants, and J. B. Van Dyke for the plaintiffs; and from the judgment entry it appears that after such appearance the parties proceeded to trial. The plaintiffs are 13 in number, and were voters and taxpayers in Buncombe township. There is a stipulation that any order made as to Buncombe township may be followed and made applicable to Capel township. The action is by mandamus to compel the board of supervisors to permit the authentication of the returns by the judges of election, and to recanvass the votes cast at the general election of 1898, and make return accordingly. It appears that at the trial in the district court the judges of election were present before the court and willing to certify said returns in due form, and they were permitted to do so. The court then gave judgment that a peremptory order of mandamus issue, requiring the defendants to reconvene and canvass the election returns as to the supervisor district and the townships in question, and to make returns to the court how they had complied with the order.

I. It is urged that the court had no jurisdiction to render judgment at the November term, 1898. This is upon the ground that the petition was filed during that term, and no notice was served on defendants. We think this claim is made under a mistake as to the facts, for it is said the county attorney appeared and objected

and excepted to all that was done. The record shows that the county attorney appeared and stipulated the facts with the attorney for the plaintiffs, and that the parties proceeded to trial, and the record shows no objection whatever. It seems to be appellants' thought that parties may not appear during term time and prosecute an action to judgment, without waiting the time required by statute. The time fixed by the statute as to the notice, filing of pleadings, etc., is to enable parties to prepare for trial. But we know of no law ·or rule denying to parties who are prepared for trial the right to waive the provisions of the law in their favor, and · by an appearance and consent proceed to trial, as was done in this case. There is no question as to jurisdiction of the subject-matter, and, when the parties appeared, jurisdiction of the persons attached, so that jurisdiction for the purpose of an adjudication was complete. *Matter v. Phillips,* 52 Iowa, 232, does not support appellants' contention, because in that case the defendants' appearance was not voluntary; but in obedience to a rule of the court to show cause why an injunction should not issue, and it was not an appearance to the main case. By a demurrer they tested the sufficiency ·of the petition to warrant an injunction, and made no further appearance. It is, without doubt, the rule that, where a petition is filed during a term, that term is not the appearance term, and cannot be made so except by consent. In this case it was so made, and the facts were stipulated for the purpose of a trial at that term.

II. "An order for mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law, save as herein provided." Code, section 4344. It is urged that it is not shown that there is no plain, speedy, and adequate remedy in the ordinary course of the law, in this case, and it is said there was one under the law for contesting the elections. The person voted for for supervisor and those ·voted for for justices of the peace are neither of them par-

ties to this action, and the right to contest the election of any person to an office is given to a person eligible, who has received votes for the same office. Code, sections 678, 1198. The plaintiffs were taxpayers and voters at the election in the townships in question, and their exclusive remedy seems to be by mandamus to compel the board of. supervisors to permit the correction in the returns and canvass the votes. It seems to us, the remedy by mandamus is expressly provided for by the Code. We cannot imagine an adequate remedy in this case, except by an order requiring the board to permit the correction and then canvass the votes—the very things they had refused to do. "The action of mandamus is one brought to obtain an order commanding a * * * board * * * to do or not do an act, the performance or omission of which the law enjoins as a duty resulting from the office." Code, section 4341. The remedy here sought is within the express provisions of the section. The section, as to other adequate remedies (4344), after specifying that the order shall not issue where there is a plain, speedy, and adequate remedy, concludes with the words "save as herein provided," which shows that the act provides mandamus as a rightful remedy in some cases, without regard to the provision as to other adequate remedies. Where a positive official duty is enjoined by law upon an officer, and as to the mode or manner of performance he has no discretion, the only adequate remedy, ordinarily, is that of mandamus. *Benjamin v. Malaka Dist. Tp.,* 50 Iowa, 648. See *State v. Cavers,* 22 Iowa, 343.

III. It is said that it is not shown that the defendants. acted erroneously in refusing to canvass the votes of Buncombe and Capel townships. It is made to appear that the judges of election failed to properly and fully certify to the. returns of said election, and that, immediately upon discovering the mistake so made by them, they offered to certify in due form said returns, and the board of supervisors refused them the right so to do. We are not referred to any

like case, but we think, under the facts as found by the court, the correction should have been permitted. Technicalities in such proceedings should not be permitted to defeat the expressed will of the voters. These returns were at all times in the custody of proper parties, and there was no question of the identity of the judges of election; and the offer to correct the error was while the board was in session, in the act of canvassing the votes of the county. It is not so easy to see, or even imagine, prejudicial consequences to result from the right so to do. It was not proposed to alter or change the returns as to the votes, but only to do an omitted act, required by law, as to certification, so that the returns might be canvassed by the board of supervisors. In the absence of any positive legal objection to such a proceeding, we think public policy, in the securing of correct results from the voters, requires the more liberal rule by which such results are obtainable. Some reliance is placed on *State v. Hardin County Judge,* 13 Iowa, 139. We are not holding that it was the duty of the board to canvass the returns without the certification, but only that their certification should have been permitted under the circumstances of the case, and when certified, they should have been counted. This being a legal duty of the board, it was competent for the court to order it done. That the board may be compelled to recanvass and correct a mistake was held in *Price v. Harnel,* 1 Iowa, 473, and has been held in other cases.

IV. Appellants think the judgment void for the reason that, the returns not being properly certified at the time of the rendition of the judgment, the court had no authority to issue a mandatory order for the defendants to appear and canvass the returns. The judgment recites that the judges were present before the court, ready and willing to certify said returns in due form, and were directed by the court to do so forthwith, and it was then that the order was made for the defendants to reassem-

ble and recanvass the votes. By consent of the judges, they did in court what it was proper for the court to order the board to permit them to do, of which the board cannot well complain. We think the judgment right, and it is AFFIRMED.