# BOWMAN v. TORR.

The word " claim," when used in connection with the public lands, signifies a settler's right or improvement, or a tract of land, the fee of which is in the government.

A " claim," on the public lands, is personal property.

A party selling a " claim," warrants the title ; and if the title fails, he is liable at least for the purchase money, with interest.

The rule that parol evidence is not admissible, to contradict, vary, or add to a written instrument, is not infringed by such evidence tending to show that the contract is altogether void, or never had any legal existence or binding force.

Fraud, practiced by one party to the contract upon the other, in that which is the subject matter of the action or claim, may be shown by parol evidence ; and this, not to vary, contradict, or add to the writing, but to show that it never had any binding force or effect.

The appellate court will not reverse a cause, on the ground that the verdict is against the weight of evidence, unless the case be very clear.

Where an action was brought to recover damages for the alleged fraud of the defendant, in the sale of a claim on the public lands, in which the petition averred, that the defendant, as evidence of the sale, gave to the plaintiff a written instrument as follows : " March 24th, 1852. Know all men by these presents, that I, H. T. for and in consideration of the sum of $500.00, do bargain, and sell to S. B. my claim and improvements, on section two, township 85, range 19 west; the said T. to give possession of the kitchen and smokehouse, on the first day of April, and entire possession on the first day of October ;" and where the petition further alleged, that at the time of the execution of said writing, the defendant represented that the said " claim," was not entered, and then and there verbally agreed and undertook, to refund the purchase money, if it was so entered; that the claim was in fact, entered, and defendant knew it; and that defendant had neglected and refused to refund said purchase money; and where the answer denied the verbal contract alleged in the petition ; and where the evidence tended to show that the purchase money had been paid, and to establish such verbal contract; and where the defendant objected to all testimony of any further or other agreement, other than that contained in the written one, which objection was overruled, and the evidence admitted ; *Held*, 1. That if the title to the claim had failed, the defendant was liable for the purchase money, with interest, without proof of any agreement to that effect, and that the law raised an implied undertaking to that extent. 2. That the evidence, in no manner, increased the liability of the defendant, and its admission could work no prejudice to him. 3. That the evidence was properly admitted, to show the manner in which the fraud was practiced. 4. That the verdict was sustained by the testimony.

*Appeal from the Mahaska District Court.*

THIS action was brought to recover damages for the alleged fraud of the defendant in the sale of a "claim" on the public lands. It is averred in the petition, and not controverted, that the defendant as evidence of the sale, gave to plaintiff the following written instrument: "March 24th, 1852. Know all men by these presents, that I, Harvey Torr, for and in consideration of the sum of five hundred dollars, do bargain and sell to Samuel Bowman, my claim and improvements on section two, township 85, range 19 west, the said Torr to give possession of the kitchen and smoke-house on the first day of April, and entire possession on the first day of October. Harvey Torr." At the time of the execution of this instrument, the defendant was paid ninety-five dollars, and the evidence tends to show that he afterwards received the remaining portion of the purchase money. The petition further alleges, that at the time of the execution of said writing, defendant represented that the said "claim" was not entered, and then and there verbally agreed and undertook, to refund the purchase money, if it was so entered; that it was in fact entered, and that defendant knew it, and though requested, had neglected and refused to refund said purchase money. This part of the contract is denied in the answer. On the trial, the defendant objected to all testimony of any other or further agreement than that contained in the writing signed by him; but the objection was overruled, and testimony was permitted to go to the jury, tending to establish such verbal contract. Verdict and judgment for plaintiff, and defendant appeals.

*Clarke & Henley*, and *Samuel A. Rice*, for the appellants.

*J. A. L. Crookham*, for the appellees.

WRIGHT, C. J.—The errors relied upon in argument, are: *First*, that the testimony of the verbal agreement was improperly admitted, because it tended to contradict, vary, or

add to, the written contract; and, *Second.* If admissible, it was not sufficient to sustain the verdict.

The writing signed by defendant is very brief, and appears to be nothing more than a memorandum, showing that he had sold to plaintiff his "claim," on a certain section of government land. In this writing, however, nothing is said as to defendant's liability in the event of the land's being entered. It is said, that the object of this testimony, was to show what was to be his liability in that event. Viewed in this light, we unite in the opinion that the testimony does not tend to *contradict* or *vary* the language used in the writing. We are not unanimous in the opinion, however, that treated simply in the light of a parol contemporaneous agreement, it does not tend to *add* to the written agreement. But as we think the testimony was properly admissible on other grounds, we need not determine this question. The declaration claims damages for the alleged *fraud* of the defendant, in the sale of this claim. Having sold the "claim," it being personal property, he warrants the title. Under such circumstances, if the title failed, he would at least be liable for the purchase money, with interest; and, therefore, without proof of any agreement to that effect, the law raises an implied undertaking to that extent. The proof of such an agreement, in no manner increases his liability; for to that extent, he is bound at all events by his written contract of sale. In this view of the case, the admission of this testimony could work no prejudice to defendant.

But again, it has been uniformly held, that the rule that parol evidence is not admissible to contradict, vary, or add to, a written instrument, is not infringed by evidence tending to show that it is altogether void, or *never had a legal existence or binding force.* Fraud, practiced by one party to the contract upon the other, in that which is the subject matter of the action or claim, may therefore be shown by parol; and this, not to vary, contradict, or add to the writing, but to show that it never had any binding force or effect. It being charged, therefore, in this petition, that defendant practiced a fraud on plaintiff, in the sale of this "claim," and

it being further averred that he knew at the time of the sale, that the same was entered, we think this testimony was admissible to show the manner in which the fraud was practiced.   The word "claim," when used in connection with the public lands, has with us a known and definite signification.   It refers and relates to a settler's right or improvement, on a tract of land, the fee of which is in the government. And we can, therefore, readily see, that proof that a vendor of such a "claim," represented the same to be unentered, and promised to refund the purchase money, if his statement was untrue, would be well calculated to deceive the vendee, and be a strong inducement to the contract.   If upon the faith of such false representations, he obtained the plaintiff's money, he was bound at least to refund it.   For the purpose of establishing this fraud, we think this testimony was admissible.

As to the second error, we have no hesitation in saying, that the testimony to sustain the verbal contract, is slight indeed.   The view above taken, however, renders its sufficiency comparatively unimportant.   For, if the defendant was by the written agreement, at least, liable to the extent attempted to be shown by what is termed the verbal contract, the parol testimony was unnecessary, and its admission could not prejudice appellant.   But aside from this, we cannot conclude that the verdict was, in this respect, so manifestly against evidence as to justify the granting of a new trial.   It must be a clear case, indeed, as we have frequently held, before we will reverse a case on the ground, that the verdict was against the weight of evidence.   In this case, we cannot say that the jury might not reasonably and fairly have concluded, that the plaintiff's allegation was sustained by the parol testimony.

Judgment affirmed.