## VEACH v. THOMPSON *et al.*

1. NOTES OBTAINED BY DURESS. A promissory note obtained by duress is voidable only, and is valid in the hands of an indorsee, who has taken it before maturity, for a consideration and without notice. WRIGHT, J., dissenting.

2. PRACTICE: MOTION AND DEMURRER. A question which strikes at the plaintiff's cause of action should be presented by demurrer, and not by motion in arrest of judgment.

3. CONSIDERATION OF INDORSEMENT. . A blank indorsement on a promissory note, made by a person not the payee or an indorsee thereof, imports a sufficient consideration to sustain his contract of guaranty.

*Appeal from Clayton District Court.*

FRIDAY, DECEMBER 18.

ON the 4th day of September, 1861, John Thompson exe-cuted and·delivered to one Martin Boyle or order, his note for $258.78, payable at six months, with interest, which, by the said Martin, was indorsed on the 6th of September, 1861, to Honora Boyle, who indorsed the same in blank to plaintiff. At the date of the note it was also indorsed in blank by G. L. Bass as guarantor. On the 7th of March, 1862, the note was legally protested for non-payment. In an action on the note, Thompson, the maker, and Bass the guarantor are sued. The defenses set up are, denial of the indebtedness, failure of consideration, duress, fraud and con-spiracy in the obtaining of the note and guaranty, of which the plaintiff had notice. On the hearing, the issues were found in favor of the plaintiff against the defendant Bass, and in favor of the defendant Thompson against the plaintiff. Judgment entered accordingly and both parties appealed.

*Drummond, Murdock* and *Hunt,* for the appellant Bass.

*J. O. Crosby* and *E. Odell* for Veach, contended that a note obtained by duress, is voidable only, and not absolutely void; and being voidable only, is valid in the hands of a *bona fide* holder for value, before maturity. 1 Pars. Cont., 322.

LOWE, J.—We first consider plaintiff's appeal founded upon exceptions taking to the overruling of his motion for a new trial, as against Thompson.

This motion was based mainly upon the refusal of the Court to give instruction No. 6, asked by the plaintiff, which reads as follows:

" If you find that the notes sued on were obtained from the defendant Thompson by duress, and that the said notes were transferred before due, and that the plaintiff bought them in good faith, for a valuable consideration, without notice of the duress, your verdict should be for plaintiff against both defendants."

The refusal to give the above instruction was error.   To facilitate the business and commercial operation of the country, it is the policy of the law to impart to negotiable paper certain properties for the purpose of a free circulation; hence a *bona fide* holder for value before maturity is protected against all defenses which go only to make the note voidable, with certain specific exceptions, as incapacity, &c. 1 Pars. Notes and Bills, 275, 276.

Duress, like fraud, does not make the note void, but only voidable. 1 Pars. Cont., 322; Story Cont., §§ 404, 405.   It follows that the defendant's instruction given to the jury, inconsistent with the one under consideration, should have been withheld.

Again, the defendant Bass, in his appeal, complains that his motion for a new trial was also overruled.   The grounds of this motion are somewhat peculiar, and can best be disposed by setting forth the causes thereof, namely:

1. " The verdict in this case, so far as the said Bass was concerned, is against law in this, to wit, that the alleged contract of guaranty between the said Bass and Martin Boyle, the payee of said notes, was an independent contract and was not negotiable, neither was it transferable with the transfer of said notes to plaintiff, and that by the transfer of said notes to the plaintiff, he acquired no rights or property in said contract of guaranty so as to enable him to sue and obtain judgment against said Bass,"

The legal proposition involved in this ground for a new trial is one of considerable perplexity, and has elicited the learning of the best jurists in the country, and were it legiti-

mately before us, it should receive the required attention, especially as counsel have devoted the largest share of their' argument to its discussion. It will hardly fail, however, to strike the mind of a lawyer, that the question raised goes to the cause of action, or the plaintiff's right to recover at all. The method of taking advantage of such a question, is by demurrer, motion in arrest, and probably also upon error, but if on the latter, it should be assigned as error., In the case at bar the two errors assigned are the rejection of instruction No. 8, asked by the defense, and the overruling of the motion of a new trial. Now this question cannot be reached in a motion for a new trial, for if a new trial was granted for such cause, what would be the practical effect? Simply that the party would have to go to trial again upon the same or some other issue of fact. Having pleaded to the cause of action as made, he could not raise a question of law touching the plaintiff's right to recover upon the facts as stated, until after verdict, when he might by a motion in arrest attack the sufficiency of the plaintiff's cause of action. That would just bring him where he now is, and having failed to do so, he must abide his own laches.

2. "That the verdict was also contrary to law, in this, that where the contract of guaranty was subsequent to the original debt, as appears from the petition and testimony in this case, there must have been a good and valid consideration for the promise or contract to guaranty the debt, or plaintiff cannot recover," &c.

This and the next or third cause assigned for a new trial are the same, and they contain the substance of instruction No. 8, which the Court refused to give. In regard to all these, we have to say, that the plaintiff was only required to prove the material allegations that made up his side of the issue. This he did do by producing on the trial the note with Bass's blank indorsement thereon. Bass's character as guarantor is fixed by statute; his indorsement as

such imports a consideration. In the absence of all testi-mony to show a want of consideration, either of the note or guaranty, on the part of the defense, as alleged in their answer, it was not error to refuse instruction No. 8, or to entertain the same proposition of law as a ground for a new trial. Had evidence been submitted tending to show a want of consideration as alleged by defendants, in such an event it might have been error to have refused said instruction, but without such evidence there was no call for any such instruction.

In regard to instruction No. 7, which was refused, and which makes the fourth and last cause for a new trial which we need notice, it is enough to say that it raises the question whether the maker and the guarantor of a note can be jointly sued. This particular question we settled affirmatively in the case of *Marvin* v. *Adamson et al.*, 11 Iowa, 371.

Prepared though we are to do so, yet it is not proper for us to pass upon a question largely discussed, namely, whether the guarantor is liable on a note, the maker whereof has been discharged because the same had been obtained by duress, for the reason that the record does not show that this question in any form was presented to, or passed upon by the Court below. In the condition, therefore, of the record as it comes to us, we must reverse the case upon the plaintiff's appeal and affirm the same upon the defendant's appeal.

WRIGHT, J., dissenting.