MOORE <em>et al.</em> v. PARKER <em>et al.</em>

1. Fraud: IN JUDGMENT: MUST BE AFFIRMATIVELY ESTABLISHED. A judgment will not be set aside as fraudulent upon facts which might show a motive to fraud, but which in themselves are insufficient to establish it. The fraud must be proven, and will not be presumed or inferred.

2. Judgment: CONCLUSIVENESS OF: FRAUD. A judgment of a court of competent jurisdiction holding that certain proceedings do not in themselves authorize the conclusion of fraud, is conclusive and binding upon the parties, and cannot be collaterally attacked.

<em>Appeal from Grundy District Court.</em>

THURSDAY, JULY 23.

In April, 1858, the people of Hardin county voted upon the question of the re-location or moving of the county seat from Eldora to Point Pleasant. Upon the canvass

of the votes by the board of canvassers, the county judge and two justices of the peace, Point Pleasant was found to have nineteen majority, and was declared to be the county seat.   In the same month, and before any removal, application was made to the District Court, after ten days' notice, by and upon the relation of John Alderson, for a writ of mandamus to compel the board of canvassers to recanvass the votes cast at said election, and reject a certain alleged mutilated and spurious return, before allowed by them and canvassed as the return and poll-book from Pleasant township.   These plaintiffs were in court at the time of the application, and by their attorney objected orally to the issuance of the writ.   The court awarded the alternative writ of mandamus, which was served on the defendants therein, John W. Jones, county judge, and Ellis Parker and Joseph Edgington, justices of the peace, being the board of canvassers.

Upon the service of the alternative writ, the board convened, and obeyed the same by making a recanvass of the votes, rejecting the alleged spurious poll-book from Pleasant township, and declaring the result, to wit, that Eldora was the county seat, and made their return to the writ that they had obeyed the same.   The counsel for these plaintiffs resisted the discharge of the defendants in the writ; but the court adjudged the return sufficient, and discharged the defendants.   One or two days after the discharge of the defendants therein, one of these plaintiffs made his affidavit of the facts, as he claimed them, in relation to said election and the returns from Pleasant township, etc., and asked that the affidavit be taken as an answer to the alternative writ, and that the former return by the defendants therein be set aside and the proceedings thereunder declared null.   This affidavit was not marked filed, nor was any record entry made in relation to it; but the court refused the prayer of the

Moore v. Parker.

affidavit, and afterward made a memorandum of it on the judge's docket.

A day or two after the affidavit was filed, and at the same term of court, one John Van Houton, for himself and others, presented to the court an application, setting up the election, etc., for an alternative writ of mandamus against the county judge, to require him to remove the county offices, books, papers, etc.,— the county seat — to Point Pleasant township. To this writ the county judge returned, that, pursuant to a mandate of the court in an alternative writ of mandamus, a recanvass had been made and Eldora was declared to be and was the county seat, and hence he should not be required to remove, etc. To this answer there were certain exceptions, etc., which were overruled by the District Court and judgment rendered for defendant. From that judgment the plaintiff appealed to this court, and the same was reversed. See *The State ex rel. Van Houton* v. *Jones, County Judge*, 10 Iowa, 65.

At the May Term, 1859, of the District Court of Hardin county, and more than a year after the affidavit of one of the plaintiffs in this action, before mentioned, he procured, without notice to either party, an entry to be made upon the records of the court, of the filing of the affidavit, or application, and of its refusal by the court, and that the said Moore, by his counsel, excepted. And thereupon Moore appealed to this court. That appeal was dismissed, for reasons stated in the opinion filed therein. See *The State ex rel. Alderson* v. *Jones, County Judge*, 11 Iowa, 11.

Prior to the appeal last named, and at the June Term 1858, of this court, the said John Van Houton applied to the Supreme Court for a writ of *certiorari* to the District Court of Hardin county, for the purpose of bringing up and setting aside the first proceedings upon mandamus

under which the recanvass was had. The writ of *certio-rari* was duly served and return made thereto; and at the December Term, 1858, the writ was quashed. This case was never reported.

Upon the remanding of the cause reported in 10 Iowa, as above stated, the successor of Jones, county judge, was made defendant, and he set up as his return, the proceedings under the first alternative writ of mandamus and the recanvass made pursuant to it, as a cause why he should not remove the county seat to Point Pleasant. The District Court held the answer sufficient. Thereupon the plaintiff again appealed to this court, and the judgment was affirmed, this court holding that the judgment of the District Court upon the first mandamus proceeding was binding, and could not be impeached collaterally. See *The State ex rel. Van Houton* v. *County Judge of Hardin County*, 13 Iowa, 139.

Thereupon, this suit in equity was, in April, 1863, brought in the Hardin District Court by Isaac S. Moore and Thomas J. Sheldon against John Alderson, John W. Jones, Ellis Parker and Joseph Edgington, setting up the previous proceedings and charging that the judgment in the first mandamus proceedings was obtained by collusion and fraud of the parties thereto, and asking to have the same set aside; that Point Pleasant be declared the county seat, and that the county offices, books, papers, etc., be removed thereto. On motion of plaintiff the venue was changed to Grundy county. Afterward the plaintiffs filed an amended petition against the same defendants, and "the board of supervisors of Hardin county" setting up substantially the same facts. There was a motion made by defendants first named for change of venue on account of the prejudice of the judge, which was overruled. There was no appearance by the board of supervisors, and default was entered against them, and

at the hearing the District Court adjudged Point Pleasant to be the county seat and ordered the removal of offices, etc., thereto. The defendants, other than the board, appeal.

*E. W. Eastman* and *Withrow & Wright* for appellants.

I. There were no legal parties defendant to this action to give the court jurisdiction of the subject-matter, or against whom a decree can be rendered.

The supervisors of the county are the successors of the county judge and board of county canvassers, and therefore the only legal original parties defendant to this action. No service was ever made on either of the supervisors, and neither of them appeared in the case.

II. When the lost papers were supplied, the judge should have passed upon the plea in abatement and the demurrer, and had his ruling entered of record.

III. The cause of action was barred by the statute of limitations. The bill charges the frauds to have been committed in April, 1858. There were no legal parties to the action, or names in the pleadings of plaintiffs, till the amended bill was filed in September 24, 1866. Rev. § 2740 (2 and 3).

IV. The motion for change of venue should have been sustained. Rev. § 2803; *Eckles* v. *Kinney*, 4 Iowa, 541; *Welsh* v. *Savery*, id. 243.

V. The plaintiffs had a plain, speedy and adequate remedy at law and by appeal, and show no reason for not availing themselves of it. *Doyle* v. *Rubey*, 18 Iowa, 112, 113; *Humphrey* v. *Darlington*, 15 id. 208, 209; *Johnson* v. *Lyon*, 14 id. 433, 434; *Fagg* v. *Parker*, 11 id. 19; *Houston* v. *Wolcott*, 7 id. 175, 176; *Voheers* v. *Bank of United States*, 10 Peters, 472, 474; 1 Greenl. Ev. § 523.

VI. This court has no jurisdiction of the subject-matter of this action. First, the plaintiffs allege fraud in their bill to give jurisdiction of the case. This is denied under oath in the answer. There is not a particle of proof or evidence to prove the fraud, and the defendants prove that there was no fraud. Second, mandamus is a species of chancery, above both law and chancery. It is a prerogative writ issuing only where neither law nor chancery has jurisdiction, and therefore chancery can take jurisdiction of nothing but what is charged to be fraud to annul it,—nothing more. 1 Greenl. Ev. § 82 ; 1 Story's Eq. § 190 ; 3 Greenl. Ev. § 254 ; *Johnson* v. *Lyon*, 14 Iowa, 434 ; Tapping on Mandamus, top page, 58, 69, 70 ; *Chance* v. *Temple*, 1 Iowa, 186, 189 ; 3 Blackstone, 165, note 11 ; Bouvier's L. D. " Mandamus ; " Code of 1851, 300.

VII. All the material matters of this case have been adjudicated (except the alleged fraud) and decided against the plaintiffs. *State ex rel. Van Houton*, 10 Iowa, 65 ; *State ex rel. Alderson* v. *Jones*, 11 id. 11 ; *State ex rel. Van Houton* v. *County Judge*, 13 id. 142 ; 1 Greenl. Ev. § 523.

VIII. When the information by Alderson was presented, the court had to determine whether the information on its face, if true, contained a sufficient cause for granting the writ, and, by granting the writ, it decided the information good. That was a judicial decision. *Chance* v. *Temple*, 1 Iowa, 186, 187 ; *Price & Wait* v. *Harned*, id. 480 ; *State ex rel. Van Houton* v. *County Judge*, 13 id. 145.

It was not, therefore, fraud to obey that writ thus issued. Tapping on Mandamus, 383, 389.

IX. The evidence of plaintiff about the number of votes polled is incompetent. The law required two poll-books to be made. One was kept by the plaintiff (the people of Pleasant township). That poll-book was the best evi-

dence. What the law requires to be in writing cannot be proved by parol. 1 Greenl. Ev. §§ 82, 86.

X. By granting the writ of mandamus on the information of Alderson, the poll-book of Pleasant township was rejected. It could never after then be reinstated only by showing that the poll-book was genuine, and satisfactorily explaining the mutilation, and showing that it was done *without the fault of the plaintiff.* 1 Greenl. Ev. §§ 564, 565.

Plaintiffs do not show that they ever offered to make such proof or showing.

The explanation attempted to be made is false, and proved so by the record, by the original poll-book now before the court.

The matters stated in Alderson's information are substantially true. 1 Greenl. Ev. §§ 523, 528, 531, 534, 536; *Adams* v. *Barnes,* 17 Wend. 367; *Hopkins* v. *Lee,* 6 Wheat. 113; 7 How. 216, 217; 14 id. 588; 1 id. 148, 149; 10 Peters, 472; 17 Mass. 367; 1 How. 448, 449; 2 Peters, 169.

*H. C. Henderson* for the appellee.
(No argument found on file.)

COLE, J. — We do not stop to notice the numerous points made by the appellants, for the reason that, upon

1. FRAUD: in judgment: must be affirmatively established. the merits of the case, as presented, we must reverse this judgment. The object of this action is to set aside as fraudulent the judgment of the District Court rendered in the Alderson case, the first mandamus proceedings, by virtue of which the recanvass, declaring Eldora the county seat, was made. But for that judgment, the plaintiffs might, for aught that appears, have had a complete remedy by their mandamus against the county judge to remove the offices, etc. The gist of this action is to procure a judicial de-

claration that that judgment is void. It was held by this court, in *The State ex rel. Van Houton* v. *The County Judge of Hardin County*, 13 Iowa, 139, that the judgment was not void on its face and proceedings, and the court say, per BALDWIN, Ch. J., "that, without determining whether the court erred in issuing the writ of mandamus in the Alderson case, that is, whether there was such a state of facts shown as to justify the interposition of the court, or whether the relator and the canvassers colluded together for the purpose of disfranchising the voters of a portion of the county, or whether the return to the writ was made in bad faith by said board or otherwise, it is sufficient to say that the court had the power to compel the board to recanvass, and its order to this effect is not a nullity. It cannot, therefore, be claimed that the issuance of the writ in the Alderson case, the return of the canvassers, and the judgment of the court thereon, is void. It is a matter over which the court could take jurisdiction. It is the judgment of a court of general jurisdiction, and as long as such judgment stands unreversed it is binding, and can not be attacked in a collateral proceeding."

The judgment and proceedings in the Alderson case were all before the court in the case quoted from, and were in that case claimed by counsel to be void; and the judgment therein may well be held to be a judicial determination that the proceedings and judgment themselves do not authorize the conclusion that they are void for fraud, want of jurisdiction, or other thing. This action was, therefore, brought to set the same aside for fraud *aliunde* but the proof fails to show the fraud. Indeed, upon the subject of fraud there is not a word of proof, unless it be the bare facts that all the parties lived in Eldora, and a part of them owned property there. These facts might show a motive to fraud, but they do not show fraud,— cer

Moore v. Parker.

tainly not sufficient to justify the setting aside of a solemn judgment of a court of general jurisdiction. Fraud is alleged in the petition ; it is denied specifically and fully in the answer; the answer is verified by two of the defendants ; the burden of its proof was upon plaintiffs, and in the proof thereof they have failed. That is the end of their case.

It is true the counsel for plaintiffs has argued with unusual acumen and ability, that from the proceedings

2. JUDGMENT: conclusiveness of: fraud.

themselves it is apparent there was a fraudulent combination and purpose. But this proposition was decided against in the case quoted from, *supra ;* and the learned district judge who tried this cause does not find that fraud has been proved, or even approximated ; but he finds, "that the second canvass and rejection of the vote and return from Pleasant township, was without legal authority, and that the certificate issued on such recanvass or second canvass, was improper and wrong, and must be set aside and declared null and void." The District Court which adjudicated the case, decided that it " had legal authority " to and did make the order or judgment ; this court has, at least once, decided that the District Court " had legal authority " to make the order, and because it " had legal authority " to so order and adjudge, this action was brought to set it aside. It is hardly competent, therefore, for the District Court to hold otherwise.

The proof shows that the judges and clerks of the election in Pleasant township were residents, and some of them property holders there, and, therefore, interested in the returns made by them ; it also shows that after the poll-book was sealed up and delivered to one of the judges of the election, to be carried to the county judge's office, and on the day after the election, it was broken open, and certain alterations made — one or

more leaves cut out, and one, at least, inserted. But the proof fails to show that such alterations changed the result. If we were to indulge in the same latitude of presumption of fraud, from the bare proof of motive and opportunity for it, as urged by counsel in argument, there might not be much difficulty in arriving at the conclusion that the rejected poll-book was so altered as to change the result, if not justify its rejection entirely. But this we will not do.

Without saying that we might not come to the same conclusion, aside from the question of previous adjudication, as did the learned judge who tried the cause in the District Court, we hold that the plaintiffs have failed to prove that there was fraud in obtaining the judgment which they assail, and for this reason the judgment of the District Court is reversed, and petition dismissed absolutely.

Reversed.