## FIRST NATIONAL BANK OF CEDAR RAPIDS v. HURFORD & BROTHER.

1. **Railroad subscription**: FRAUD: EVIDENCE. In an action to recover for an amount subscribed by defendant to aid in the construction of a railroad, wherein a failure of consideration and fraud in obtaining the subscription is pleaded by the defendant, the declarations of a person made at the meeting where the subscription was made, who is not shown to have been authorized to speak for the company or those representing it, are not admissible.

2. **Evidence**: PAROL EVIDENCE. The rule that parole evidence is inadmissible to contradict or vary terms of a written instrument is not violated by the admission of testimony, under a proper state of pleadings, tending to show that the instrument never had any legal existence or binding force by reason of fraud or want of consideration.

3. **Contract**: CONSIDERATION : PROMISSORY NOTE. A promissory note imports a sufficient consideration, and the *onus* is on the party averring the contrary.

4. **Railroad subscription**: WANT OF CONSIDERATION. The agreement on the part of a railroad company, contained in a written proposition, upon which subscriptions are procured, to the effect that it will construct a railroad to a certain point, is sufficient, as an original consideration to subscription obtained thereon, though the company afterward failed to perform the agreement.

5. —— FRAUD. Fraud in procuring such subscriptions must be affirmatively shown and will not be presumed.

6. —— ERECTION OF DEPOTS AND MACHINE SHOPS : FAILURE OF CONSIDERATION. Where such written proposition, upon which the subscriptions were based, stipulated that "eighty acres of land, suitable for passenger and freight depots, machine shops, engine, car-houses, and side tracks, are to be furnished free of any expense to the company," it was *held*, no time being fixed in the written agreement within which such erections were to be made, that the failure on the part of the company, up to that time, to make the same would not support the plea of failure of consideration.

7. **Instruction**: HYPOTHETICAL STATE OF FACTS. An instruction based upon a hypothetical state of facts, of which there is no evidence in the case is erroneous.

First National Bank of Cedar Rapids v. Hurford & Brother.

*Appeal from Montgomery Circuit Court.*

FRIDAY, AUGUST 7.

THIS action was commenced originally in the circuit court of Pottawattamie county, and after several changes of venue was finally tried in Montgomery circuit court. About the 9th day of July, 1866, John I. Blair and W, W. Walker submitted to the citizens of Council Bluffs the following propositions in writing :

"COUNCIL BLUFFS, *July* 9, 1866.
"*Hon. Caleb Baldwin, Mayor of Council Bluffs:*
"Sir,—We have concluded to make to you, and through you to the citizens of Council Bluffs, the following proposition in relation to the extension of the Cedar Rapids and Missouri River Railroad to this place :

" 1. The company will extend its road to Council Bluffs at the earliest practicable moment, next season, on the following conditions, viz : The right of way from the Harison county line to the proposed depot of the Council Bluffs and St. Joseph Railroad, and also from the Cedar Rapids and Missouri River depot to the Missouri river, within the corporate limits of Council Bluffs, on two lines to be designated by the company, to be furnished free of any expense to the company, and a good and sufficient bond guaranteeing the above to be executed and delivered within the next ten days, and the said right of way to be secured as rapidly as possible, and in time so as not to delay the work on the road.

" 2. Not less than eighty acres of land suitable for passenger and freight depots, machine shops, engine and car-houses, and side tracks, and within two miles of the Pacific House, to be furnished free of any expense to the company ; and a bond securing the above to the com-

pany, or a deed to the land, to be executed and delivered within the next ten days.

"3. Within thirty days after the track is laid to the Council Bluffs depot, the citizens of this county are to pay the company *thirty thousand dollars*, it being understood that at least one-half of said sum is to be in cash, and the balance may be in lots in Council Bluffs and lands in the vicinity thereof. Lots or lands to be put in at their present fair cash value, which shall be determined upon and fixed by Messrs. Baldwin and Cassady of Council Bluffs. It is further understood that for all cash subscriptions notes with approved security are to be given; and, also, that if subscribers choose they can pay ten per cent of the amount of their notes at the time specified in the first of this paragraph, and have an extension of one year on the balance, by paying ten per cent interest thereon. For all lots or lands, bonds for deeds are to be given, and the deeds are to be executed and delivered within thirty days after the track is laid to the Council Bluffs depot. Bonds, notes, etc., are to be left on deposit with Hon. C. Baldwin. In order that the company may be enabled to make the necessary arrangements for the work at the earliest possible moment, this proposition is to be accepted and guaranteed, or declined, within the next *ten days*. If the proposition is accepted and the subscription and bonds made as proposed, we agree to place the work under contract immediately, and complete the grading by January 1, 1867.

(Signed) W. W. WALKER,

*V. Prest. and chief engineer C. R. & M. R. Co., and Gen. Agt. Iowa R. Construction Co.*

JOHN I. BLAIR,

*One of the directors, executive committee, and treasurer C. R. & M. Road, and Prest. I. R. N. Co's.*"

A public meeting of the citizens of Council Bluffs was thereupon held, at which this proposition was read and agreed to, in writing, at the bottom, in these words :

" The undersigned agreed to pay to the Cedar Rapids and Missouri River Railroad Company, in accordance with the terms of the forgoing proposition, the sums set opposite to our respective names."

To this a large number of the persons, among whom were the defendants, affixed their names, with the amounts subscribed by each. The sum subscribed by defendants was $1,000. On the 10th of July, 1866, they satisfied their subscription by the execution and delivery of the following obligation :

" Council Bluffs, *July* 10, 1866.

" For value received, we promise to pay J. I. Blair and W. W. Walker, or bearer, at the office of Baldwin & Dodge, in said city, one thousand dollars, within thirty days after the completion of the Cedar Rapids and Missouri Railroad to said city of Council Bluffs, with the understanding, nevertheless, that we have the privilege, at the maturity of this note, of paying one-tenth of the sum herein named, and of executing our obligation for the balance of one year, with interest thereon at the rate of ten per cent per annum.

(Signed)            " HURFORD & BRO."

In pursuance of the provision of this note, the defendants executed and delivered the note sued on, as follows :

" $900.       Council Bluffs, Iowa, *March* 27, 1867.

" One year after date, we, or either of us, promise to pay John I. Blair, or order, nine hundred dollars, value received, with ten per cent interest per annum from date, payable at the office of Baldwin & Dodge.

        (Signed)          " HURFORD & BRO."
                                     " T. J. HURFORD."

This note was, on the 25th day of April, 1867 (before maturity), transferred by the payee, by indorsement, to the plaintiff.

The defendants admit the making, delivery and transfer of the note, but plead, *first*, that there was no consideration for the note ; *second*, that it was obtained by fraud and false representations of Blair and Walker ; *third*, that the consideration entirely failed, and that the plaintiff took the note with notice of these defenses.

The cause was tried to a jury ; verdict for defendants ; plaintiff's motion for a new trial was overruled ; judgment rendered on the verdict, and plaintiff appeals.

*Baldwin & Wright* for the appellant.

*A. V. Larimer* for the appellees.

MILLER, J. — I. The appellants assign seventeen errors, but only those urged in argument will be passed upon.

1. RAILROAD SUBSCRIPTION : fraud : evidence. They arise upon the admissibility of certain testimony, on instructions given and refused, and on the sufficiency of the evidence to support the verdict.

The court, against plaintiff's objection, permitted the defendant F. P. Hurford, as a witness, to state, that, at the public meeting of the citizens of Council Bluffs at which the written proposition of Blair and Walker was considered and accepted, Mr. Pusy, holding the written. proposition in his hand, said "that the Cedar Rapids and Missouri River R. R. *would not extend their road to Council Bluffs within the time therein named, unless* the citizens would donate $30,000, to be paid in land and money, at the option of the subscribers ; also secure the right of way through our city, and also donate eight acres of land within the city limits, for the purpose of erecting warehouses, shops, freight and passenger dopots, car and

round-houses and side tracks; and to give other testi-
mony of statements made in that meeting by the same
and other persons, neither Blair nor Walker being present.

This evidence was clearly inadmissible. There is no
evidence tending to show that Pusey, or any one else,
was in any way authorized to speak for Blair and Walker
in their absence, or for the railroad company represented
by them. It *is* shown, that they made their proposition
in writing. The testimony objected to was, in its
nature, hearsay, and also tended to vary or add to the
terms of the written proposition, and the court erred in
admitting it to to the jury. 1 Greenl. Ev. §§ 87, 99, 275,
276; *Conger* v. *Converse*, 9 Iowa, 554; *Pilmer* v. *The
Bank, etc.*, 16 id. 321.

The objection urged by appellant's counsel to the fifth
answer in chief of J. P. Cassady's deposition, rests upon
similar grounds and should have been sustained.

There was no error in overruling the plaintiff's objec-
tions to the sixth and eighth answers of the same witness,
nor those made to the eighth and ninth answers in chief of Pusey, the eighth in

2. EVIDENCE:
parol evidence.

chief of Turley, and the fifth of Haas. The rule, that
prior or contemporaneous parol evidence is inadmissible
to contradict or vary the terms of a valid written instru-
ment, is not infringed by the admission of parol evidence,
showing that it never had any legal existence or binding
force, either by reason of fraud or want of consideration.
1 Greenl. Ev. § 284; *Bowman* v. *Torr*, 3 Iowa, 571;
*Ring* v. *Ashworth*, id. 454; *Levi* v. *McCraney*, Morris, 124.

It is averred in the answer that the note sued on was
obtained by the payee through false and fraudulent rep-
resentations, and without any consideration whatever
given therefor. This evidence bears upon these aver-
ments, and was properly admitted.

II. It is urged by the appellant that "the verdict is not

sustained by sufficient evidence," and that the court **3. CONTRACT: consideration: promissory note.** erred in overruling his motion for a new trial. As already seen, the defense was threefold, namely ; want of consideration, fraud, and *failure* of consideration. Does the evidence sustain either of these defenses ? We think clearly not.

The promissory note imports that it was made upon sufficient consideration. Parsons on Contracts, 5th ed. 328; Revision of 1860, § 1826 ; *Veach* v. *Thompson,* 15 Iowa, 380 ; *Sullivan* v. *Collins,* 18 id 223 ; *Butler* v. *Byington,* 14 id. 594.

The burden of proving that there was no consideration rested on the defendant. In this he has entirely failed. **4. RAILROAD SUBSCRIPTION: consideration.** On the contrary, the evidence shows affirmatively that the note was founded on a valid and valuable consideration. The consideration for the subscription of $1,000 by the defendant was the location and construction of the Cedar Rapids & Missouri River Railroad to Council Bluffs as specified in the written proposition of Blair and Walker to the citizens of that place ; this subscription of $1,000 was changed and superseded by the execution of the first note, and that note was satisfied and taken up by the payment of $100, and the giving of the note sued on. The agreement of Blair and Walker to build the Railroad to Council Bluffs was a valuable consideration for the original subscription by defendants, whether that agreement was performed or not. 1 Parsons on Contracts, 448, and numerous cases there cited.

The execution of the first note for the subscription made, and that of the one substituted for the first note, were only changes in the form of the original promise, and there being a valid consideration for such original promise, the same consideration supports the note sued on.

The evidence also fails to establish the alleged fraud.

While there was evidence that Blair and Walker stated

5. —— fraud.      to the defendants that they would not construct their Railroad to Council Bluffs unless the people made the required donations, there was no evidence that this statement was false or fraudulent, or that the road would have been built to Council Bluffs if such donations had not been made, or that there had been a previous determination to build the road to that place, or that Blair and Walker were not in fact the authorized agents of the railroad company, or that they did not intend to, or did not in fact appropriate the donations received, in good faith, to the construction of the road. On the other hand, the evidence abundantly shows that they were the authorized officers and agents of the railroad company ; that there had been no prior determination to construct the road to Council Bluffs ; that the donations received were faithfully appropriated to the building of the road ; and that everything promised by them has been performed.

Without proof, fraud will never be presumed. The party alleging it must prove it as any other material fact. *Moore* v. *Parker*, 25 Iowa, 355 ; *Wallace* v. *Bergen*, id. 456 ; *Haltam* v. *Todhunter*, 24 id. 166 ; *Oaks* v. *Harrison*, id 179.

III. The defendants in their amended answer, aver that "the Cedar Rapids and Missouri River Railroad Company, by their propositions to the citizens of Council Bluffs as an inducement to the execution and delivery of the note sued on in this case, stipulated and agreed to erect and provide, upon the land donated to them for depot puposes, passenger and freight depots, machine shops, engine and car-houses and side tracks; that notwithstanding said land was donated to said railroad, it has failed to make such erections and improvements, by reason of which failure the benefits and advantages of the

First National Bank of Cedar Rapids v. Hurford & Brother.

extension and location of said road were lost to these defendants and others, the said citizens who executed and delivered their note aforesaid, and for the consideration aforesaid."

This we take to be a plea of failure of consideration. In the second clause of the original contract it is stipulated that "eighty acres of land, suitable for passenger and freight depots, machine shops, engine and car-houses, and side tracks, and within two miles of the Pacific House are to be furnished free of any expense to the company."

There is no other competent evidence of any agreement on the part of the railroad company to make the specified improvements than that above quoted ; no time was fixed in which such improvement would be made, and the evidence shows that only an undivided interest in eighty acres of land in the required locality, has ever been made or offered to be made to the company.

By the second clause in the proposition of Blair and Walker, the railroad company required the eighty acres of land for the objects and purposes mentioned therein. They no doubt contemplated making the improvements at some future time, and therefore required the donation of a sufficient amount of land for that purpose, but no time was fixed in which they intended to make the contemplated erections and improvements, and they may yet do so.

Again, the thirty thousand dollars, of which the note sued on is a part, was to be paid within thirty days after the track of the railroad should be laid to the Council Bluffs *depot*.

The track was laid according to agreement, and this money became due and payable thirty days thereafter. And, in view of all these facts, it cannot be legally said

that the consideration of the note has failed either in whole or in part.

IV. Several errors are assigned on the giving and refusing of certain instructions. It will not be necessaay, however, to notice any but the first instruction in the charge of the court. It is as follows : " If you find, from the evidence, that, on or about the 9th day of July, 1866, John I. Blair and W. W. Walker, fraudulently pretending to act for the Cedar Rapids and Missouri River Railroad company, fraudulently represented, among other things to the citizens of Council Bluffs, that, unless they would pay or secure to be paid to said railroad company the sum of $30,-000, the railroad of said company, then under process of construction, would not be extended to said city of Council Bluffs, that said railroad company, at and before the time of making such representations by the said Blair and Walker, had determined to extend their said road to Council Bluffs ; that said Blair and Walker, at the time of making such representations, did not, in fact, represent the said company, but thereby fraudulently intended to extort from said citizens of Council Bluffs the said sum of $30,000, and to appropriate the same to themselves ; that the defendants, relying on the truth of said representations, and believing that the donation of said $30,000 was necessary to secure the extension of said railroad to Council Bluffs city, executed their note, in consideration thereof, on or about the tenth day of July, 1866, to said Blair and Walker for the sum of one thousand dollars, payable within thirty days after the completion of said Cedar Rapids and Missouri River Railroad to said Council Bluffs city, as their part of the subscription toward and making up said sum of thirty thousand dollars ; that said Blair and Walker fraudulently appropriated the same to their own use, and without the knowledge on the part of

*7. INSTRUC-TIONS: hypothetical state of facts.*

said company of any such transaction, and that said representations, constituting the consideration of said note, was false and fraudulent, and we believe by the defendants to be true at the time they executed said note, such procurement of said note was fraudulent."

This instruction is in violation of the rule (laid down in *Moffet* v. *Cressler*, 8 Iowa, 122, and recognized in *Trustees of Iowa College* v. *Hill*, 12 id. 462), "that it is erroneous to instruct upon a hypothetical state of facts of which there was no testimony." There was no competent testimony that Blair and Walker had made any fraudulent representations of any kind to the citizens of Council Bluffs, and this instruction, being based upon the hypothesis that there was evidence from which the jury might find that they had made such fraudulent representations, was erroneous. So, also, there was error in assuming that there was evidence from which the jury might find that "Blair and Walker and the time of, and in making such representations, did not in fact represent the company but thereby fraudulently intended to extort," etc.; and so in regard to other like hypothesis in this instruction.

Other instructions given by the court are also erroneous, but as the judgment must be reversed for the errors already noticed, they will be passed without further comment.

The judgment of the circuit court is

Reversed.