THE FIRST NAT. BANK OF CEDAR RAPIDS v. HENDRIE.

THE SAME v. KULINE.

THE SAME v. LENTZINGER.

1. **Promissory Notes**: AID TO RAILROADS: CONTRACTS. Promissory notes, or contracts for the payment of money, executed as an inducement to a railway company to construct its road to a given point, are not void as against public policy, and the construction of the road constitutes a sufficient consideration therefor.

*Appeals from Pottawattamie District Court.*

THURSDAY, OCTOBER 24.

ACTIONS upon promissory notes; verdicts and judgments for plaintiffs; defendants appeal. The three cases are presented together upon one abstract. The facts of the case presented to the court appear in the opinion.

*Clinton, Hart & Brewer*, for appellants.

*C. R. Scott*, for appellee.

BECK, J.—I.   The promissory notes which are the foundation of these actions were given to secure the building of the Cedar Rapids & Missouri River Railroad to Council Bluffs, which constituted the only consideration for which the notes were given.   The answers set up the circumstances under which the notes were given, and upon these facts defendants claim the contracts are in conflict with public policy, and therefore void.   It was shown on the trial that the railroad had been located so that it would reach the Missouri river at a point many miles north of Council Bluffs.   The officers of the corporation building it informed the citizens of Council Bluffs that if sufficient inducement in the way of contributions to the company should be made by the people of Council Bluffs, the route of the road would be so changed that it would strike the Missouri river at their city.   This proposition was accepted, and the notes in suit were given to secure the payment of contributions of defendants to make up the sum agreed to be paid the railroad company for building the road to Council Bluffs.   Upon these facts defendants insisted, in the court below, that the notes were given under a contract in conflict with public policy, and are, therefore, void.   The court held differently in an instruction to the jury.   This ruling is now made the ground of objection to the judgment of the court below.   No other question is presented in argument for our consideration.

II.   Counsel for defendants insist that corporations organized for building and operating railroads are public in their character, and are charged with duties which require them to construct and operate their roads so as best to serve the interests of the public.   In the application of the principle it is insisted that railroads ought to be located in view of the public interest, and that their location should not be changed

to promote the interest of the corporations or their officers. If we admit these propositions to be sound, we are not prepared to concede that this case is brought within the rules advocated by counsel. It is not made to appear that the public interest did not demand the construction of the road to Council Bluffs, and that its first location to another point on the Missouri river was in conflict with public policy, and the change of location was, therefore, required by the duty and obligation of the corporation as understood by counsel. Whatever may have been the motive of the corporation in making the change of location, it surely appears to have been in accord with the public interest. We may judicially take notice of the location, history and population of the city of Council Bluffs, and also of the fact that the terminus of the road at the Missouri river, first proposed, was at a point of very inconsiderable importance. The interest of the public would be better served by the road terminating at the largest town upon the Missouri river within the borders of the State, rather than at a point where no town or city was built. The connection which the road would have at Council Bluffs with other railroads was also a matter of public concern, and should have influenced the choice of that city as a terminal point. It follows that the construction of the road to Council Bluffs was not in conflict with public policy.

But counsel contend that the payment of money by the parties interested to secure the location of the road as demanded 1. PROMISSORY notes: aid to railroads: contract. by the public interest is in conflict with public policy; in other words, that the corporation cannot receive money as a gratuity for the construction of its railroad to Council Bluffs.

But this court has sustained statutes authorizing taxes in aid of railroad corporations to be voted by the people, on condition that their roads were built through the town or township where the vote was had. See *Stewart v. Supervisors of Polk County*, 30 Iowa, 9, and decisions following that case. Notes and contracts conditioned for the payment of money

upon the completion of railroads to points indicated have been held to be supported by sufficient consideration. *Des Moines Valley R. Co. v. Graff et al.*, 27 Iowa, 99; *First Nat. Bank Cedar Rapids v. Hurford & Bro.*, 29 Iowa, 579.

We conclude that under the decisions of this court the contracts upon which the notes in suit were given are not in conflict with public policy.

Of the cases cited by counsel for defendants we esteem *Holliday v. Patterson*, 5 Oregon, 177, to be alone in point. It is in conflict with the decisions of this court above cited. The other cases, *The Pacific R. Co. v. Suley et al.*, 45 Mo., 212; *Fuller v. Dane*, 18 Pick., 472; *St. Joseph, etc., R. Co. v. Ryan*, 11 Kan., 602; *Butternut & Oxford Turnpike Co. v. North*, 1 Hill, 518; *Fort Edwards & Ft. Miller Plank-Road Co. v. Payne*, 15 N. Y., 583, are upon peculiar facts, or based upon statutes which distinguish them from the case before us.

AFFIRMED.