JUNE TERM, 1872. 433

The First National Bank of Dubuque v. Carpenter, Stibbs & Co.

---

THE FIRST NATIONAL BANK OF DUBUQUE v. CARPENTER, STIBBS & CO.

1. Bills and notes: DEMAND AND NOTICE: PARTNERSHIP: EVIDENCE. In an action against a partnership, as guarantor of a bill of exchange, evidence that one of the partners admitted the liability of the firm is admissible, as tending to prove either the fact of notice of non-payment to it, or of its waiver thereof.

2. Partnership: LIABILITY OF PARTNERS. In an action against a firm, as a guarantor of commercial paper drawn upon a third party, the *onus* is on the defendants to show that the guaranty was executed by a member of the firm, outside of its business and without authority. Want of authority, on the part of the member executing the guaranty, would not relieve him from personal liability.

*Appeal from Linn District Court.*

THURSDAY, JULY 25.

ACTION upon a written guaranty. Jury trial. Verdict and judgment for defendants. The plaintiff appeals.

VOL. XXXIV.— 55

*Henry B. Fouke* and *W. G. Thompson* for the appellant.

*N. M. Hubbard* and *I. M. Preston* for the appellees.

COLE, J. — The plaintiff is a banking corporation doing business in Dubuque. The defendants are proprietors of an exchange and deposit bank at Cedar Rapids. Gibbs & Coates were doing a produce and commission business in Dubuque; and H. S. Stibbs (who was not a member of the defendants' firm), was doing a like business in Cedar Rapids. H. S. Stibbs wanted to pay for his purchases from Gibbs & Coates, by accepting their drafts on fifteen or twenty days time. Gibbs & Coates would not give the time unless plaintiff would cash such drafts for them. The plaintiff would not cash such drafts unless the defendants would guaranty their payment. This was written to H. S. Stibbs by Gibbs & Coates; he replied that defendants would so guaranty. The plaintiff then refused to cash such drafts until the written guaranty, signed by defendants, was furnished. Gibbs & Coates again wrote that fact to H. S. Stibbs, and by course of mail received an answer, inclosing this guaranty: "Exchange and Deposit Bank of Carpenter, Stibbs & Co., Cedar Rapids, Iowa, August 9, 1869, Messrs. Gibbs & Coates, Dubuque: Gents — H. S. Stibbs is good for his contracts, and we guaranty his acceptances in your favor. Yours truly, Carpenter, Stibbs & Co."

This guaranty was delivered to plaintiff, and thereupon, and relying on such guaranty, plaintiff cashed regularly all the drafts drawn by Gibbs & Coates on H. S. Stibbs. Such drafts were, at the request of H. S. Stibbs, made payable at the banking house of the defendants, and the plaintiff indorsed and sent them to defendants for collection: whereas, prior thereto, similar, but shorter time drafts, had been made payable, at and generally sent to

other banks in the same city for collection. By this change the defendants had made certain profits in exchange, etc.

On November 5, 1869, Gibbs & Coates made a draft or bill of exchange, on H. S. Stibbs in favor of plaintiff, for $3,024, payable fifteen days after date, at defendants' bank, and on the next day made a like draft at thirty days for $1,516.74. The plaintiff cashed these drafts; they were accepted by H. S. Stibbs, and were indorsed and sent to defendants (as numerous previous like drafts had been), for collection. They were not paid at maturity, and were duly protested for non-payment, and of which defendants had due notice. At that time, H. S. Stibbs was insolvent. After the protest, and before this action was brought, two members of the defendants' firm informed Gibbs that the defendants did not deny their liability upon these drafts, now in suit, but they would have to take the same course and be disposed of in the same manner as the other indebtedness of the firm. This action is brought upon the guaranty, plaintiff averring notice to defendants of accepting and acting upon it; and the defendants denying notice, etc., and averring that the guaranty was made by one member of the firm, outside of the firm business, and without authority. The plaintiff introduced evidence tending to establish the foregoing statement, and rested. The defendants, having objected to the evidence of Gibbs as to the conversation by two members of the firm, admitting its liability, as immaterial, now moved the court to exclude it from the consideration of the jury. This motion was sustained. The court then instructed the jury to find a verdict for the defendants, which was done, and a judgment rendered thereon. These two rulings constitute the errors assigned.

The evidence of the statement by two of the defendants, that the firm did not deny its liability upon the guaranty, etc., was not immaterial, and the court erred in excluding it. As an admission, by an indorser, of his liability, and

a promise to pay, is competent testimony tending to show either that he had notice of non-payment or had waived it (2 Pars. on Notes and Bills, 497–8, and cases cited in note *q;* 1 id. 584 *et seq.*, and 594–5 and authorities cited in the notes), so might the evidence excluded in this case be received as competent to be taken into consideration by the jury, in connection with the other facts and circumstances of the case, as tending to prove either the fact of notice to, or of its waiver by the defendants.

We think the court also erred in directing the jury to find a verdict for defendants, even after excluding the testmony, as above stated. If it be admitted that, under the circumstances disclosed by the evidence in the case, it is incumbent upon the plaintiff to prove notice to defendants that their guaranty was accepted and acted upon, which we do not decide here, it seems to us that if the jury had found, from the testimony then before them, that defendants had notice that the plaintiff accepted and acted upon their guaranty, such finding could not properly have been set aside as being without support in the evidence. At most, it was a question of fact, properly determinable by the jury, since there was some evidence tending to prove it. We need not specify the items of proof; the evidence is sufficiently set out in the fore part of this opinion.

If it be true that the guaranty was made by a member of the firm, outside of its business, and without authority from the firm, such fact would have to be shown by defendants; and even when shown, would not relieve the member executing the guaranty from being, at least, personally liable.

Reversed.