MOORE v. ORMAN ET AL.

| 56  39|
| 98  386|

1. **Conveyance**: WHEN VOID: HUSBAND AND WIFE. Evidence considered under which it was held that a conveyance of land by a husband to his wife was voluntary and void as against existing creditors of the husband.

*Appeal from Madison Circuit Court.*

FRIDAY, APRIL 22.

ACTION in equity. Decree for the defendants, and plaintiff appeals.

*Mott & Steele*, for appellant.

*Gilpin & Gilpin*, for appellees.

SEEVERS, J.— The defendants, Sarah and John Orman, were married in 1835. About that time Mrs. Orman received

1. CONVEY-
ANCE: when
void: hus-
band and
wife.

from a brother and her father's estate about five or six hundred dollars, which she placed in her husband's possession. With said money, or a part of it, he purchased of the General Government certain land in Muscatine county, Iowa, and took the title thereto in his own name. This land was sold, and other land purchased in Madison county, the title to which was also vested in said John. This land was afterward sold for five thousand dollars, and two hundred and forty acres of other land purchased, the title to which was placed in the name of said John. This last real estate was purchased about twelve years prior to the trial in the Circuit Court. It had all been sold on the 2d day of February, 1878, except one hundred and thirty-eight acres, which the said John, on said day, conveyed to his wife, the defendant Sarah.

In 1877, John Orman executed his promissory note to Hamler, as surety for Swaney. This note was assigned to

Vail, who obtained a judgment thereon, April 2, 1878. This judgment is the property of the plaintiff, and he seeks to subject the real estate last aforesaid to the payment thereof. Said real estate was worth, at the time it was conveyed to Mrs. Orman, from $3,000 to $4,000. When Mrs. Orman let her husband have said money, in 1835, no note, or memorandum, or charge of any kind was exacted or made. The evidence does not show that either John Orman or his wife at that time expected or made any provision for the repayment of said money.

Mrs. Orman paid nothing at the time the conveyance was made to her; the only consideration therefor being the money she let her husband have in 1835, except that she assumed the payment of a certain mortgage thereon, and also was to pay a certain chattel mortgage on personal property sold her by her husband.

Mrs. Orman testified she took the conveyance, or, at least, one reason for her so doing was, to prevent persons from obtaining it from her husband for an inadequate consideration.

For some time prior to the conveyance, Mr. Orman's habits had been bad, and, while under the influence of liquor, he had allowed himself to be imposed upon by others to his pecuniary disadvantage. We think this clearly appears from the evidence of Mrs. Orman, and that to provide herself a home she obtained the conveyance.

We fail to discover from the evidence that she or her husband made the conveyance because of, or in payment of, said money obtained by him of her in 1835. The controlling reason, we think, was to prevent Mr. Orman from squandering his estate. The indebtedness, or supposed indebtedness, which originated at or about the time of the marriage, was not, in our opinion, the inducing cause of the conveyance. If it was, we do not think it can be permitted to stand as against existing creditors. Mrs. Orman was, in no just sense, a creditor of her husband. She, in fact, gave him the money

and had no intention of ever asking him to repay it. Nor did she ever do so. While no fraud, in fact, is imputed to either of these parties, and in one view what they did cannot be condemned, yet the law cannot sustain a conveyance made without a valuable consideration, if prejudicial to creditors. The Circuit Court is directed to render a decree in accordance with this opinion.

REVERSED.