GEAR ET AL. V. SCHREI ET AL.

1. **Voluntary Conveyance:** BY INSOLVENT: EVIDENCE. Where an insolvent paid the consideration for certain real estate, and procured the conveyance of the same to his wife, it was held not to differ from a voluntary conveyance made by a husband, while insolvent, to his wife; and that the property was properly subjected to the payment of the husband's debts.

2. **Chattel Mortgage:** FORECLOSURE OF: GOOD FAITH. Evidence of the foreclosure of a chattel mortgage and sale of the property considered; *held*, that no want of good faith or diligence on the part of the mortgagees was shown.

· *Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 22.

ACTION to subject certain town lots, the title to which is in the defendant Caroline Schrei, to the payment of certain judgments held by the plaintiffs against the defendant Adolph Schrei, husband of Caroline Schrei. The lots were conveyed to Caroline Schrei by one Widick, but the plaintiffs aver that they were purchased of Widick by Adolph Schrei; that they were paid for by a consideration furnished by him, and were in fact his property. The defendants deny that the lots are the property of Adolph Schrei, and aver that they are the property of Caroline Schrei, and were paid for by a consideration furnished by her.

The defendant, Adolph Schrei, sets up a counter-claim.

The court held that the lots were the property of Adolph

Schrei, and that the counter-claim was without foundation, and rendered a decree accordingly. The defendants appeal.

*T. J. Trulock*, for appellants.

*Hammack, Howard & Virgin*, for appellees.

ADAMS, J.—I. The evidence shows clearly that at the time of the execution of the deed of the lots by Widick to Mrs. Schrei, her husband was largely in debt and insolvent; that he owed the debts for which the judgments in question were rendered; that the trade for the lots was negotiated wholly by him; that Mrs. Schrei had no knowledge that a deed of the lots had been executed to her until long after it was done, and that the consideration received by Widick was the cancellation of certain indebtedness due from him to her husband. Her claim to the lots, if it has any support at all, is to be found in the testimony of her husband which is in these words: "I owed my wife $350, which I used in my business. I turned these lots over to secure her."

> 1. VOLUN-TARY conveyance: by insolvent: evidence.

But in our opinion the evidence does not show that he owed his wife anything. The pretended indebtedness arose by reason of the fact that Mrs. Schrei's father, one Steinmeyer, advanced to her husband $350, of which he was to have the use during Steinmeyer's life, unless the money was needed by Steinmeyer, and in case it was not needed it should, at Steinmeyer's death, be regarded as an advancement to Mrs. Schrei. Steinmeyer is still alive. He has not parted with his claim to the money, and Mrs. Schrei has not yet acquired any right therein. The conveyance then does not differ in any essential respect from a voluntary conveyance made by a husband while insolvent to his wife. We think that the court correctly held that the plaintiffs were entitled to subject the lots to the payment of their judgments.

II. The counter-claim is based upon the alleged facts that

Gear v. Schrei.

Adolph Schrei executed to the plaintiff a chattel mortgage to

**2. CHATTEL mortgage: foreclosure of : good faith.** secure the judgments in question; that the plaintiffs took possession of the mortgaged property, and disposed of the same, and never fully accounted therefor.

There was, at least in form, a foreclosure of the mortgage by a public sale of the mortgaged property to the plaintiffs. Schrei contends that the sale was not valid because the property was sold in bulk, and without being properly shown, and because it was understood between him and the plaintiffs that he was not concluded by the sale.

The arrangement between the parties appears to have been that the property should be offered in bulk; that the plaintiffs should bid thereon the sum of $200; that if they became the purchasers Schrei should be credited with what the plaintiffs could realize in the disposition of the property. Both parties seem to have acted upon this agreement. Schrei has been credited between three and four hundred dollars.

Considerable evidence was introduced for the purpose of showing that the mortgaged property was worth more than was realized, and that it has not been properly disposed of. It is sufficient to say that upon a separate reading of the evidence we have all reached the conclusion that no want of good faith or diligence on the part of the plaintiffs has been shown.

In our opinion the decree of the Circuit Court is fully sustained and must be.

AFFIRMED.