## Triplett v. Graham et al.

### Litzenburg v Same.

1. **Pension:** WHEN SUBJECT TO JUDGMENTS: EXEMPTION. The exemption under section 4747, Revised Statutes of the United States, applies only while the pension-money is in course of transmission to the pensioner; and after it has come into his possession his creditors may subject it, or the property purchased with it, to the payment of their judgments.

2. **Fraudulent Conveyance:** PLEADING. Where a husband, who is insolvent, makes a voluntary conveyance to his wife, or pays the purchase price of property which is conveyed to the wife, the conveyance is presumptively fraudulent; and it is not necessary in such case to charge fraud as against the wife.

3. **Husband and Wife:** EARNINGS OF: CREDITORS. The earnings of the wife, unless acquired in carrying on an independent business of her own, cannot be made the basis of a claim against her husband to the prejudice of his creditors.

*Appeal from Warren Circuit Court.*

### Thursday, April 20.

The defendant, J. C. Graham, was a soldier in the war of the rebellion. In March, 1880, he received from the United States the sum of $1,300, arrears of pension, for physical disability incurred while in the military service. Upon receiving the money he delivered to his wife, the defendant, Elizabeth J. Graham, the sum of $900. She deposited $700 of the money thus given to her in a bank. In August, 1880, she purchased a homestead in the town of Indianola, and paid $600 of the pension-money therefor and took the title in her own name. When J. C. Graham received his pension-money, he was insolvent and largely indebted to the plaintiffs and others, and many of the claims against him had been for some time in judgment.

The plaintiffs commenced their actions to subject the property purchased by the wife to the payment of their judg-

ments. There was a decree for the plaintiffs, and defendants appeal.

*Williamson & Bishop*, for appellants.

*Henderson & Berry*, for appellees.

ROTHROCK, J.—I. The principal question in the case is whether the creditors of the husband had the right to subject

**1. PENSION: when subject to judgments; exemption.**
the pension-money, or the property purchased with it, to the payment of their judgments. It is claimed by appellants that the proceeds of the pension are exempt under section 4747 of the Revised Statutes of the United States.

In *Webb v. Holt*, 57 Iowa, 712, a majority of this court held that the exemption applies only to money due the pensioner, while in course of transmission to him, and that there is no exemption after it comes into his possession.

II. It is claimed that no fraud is charged as against the wife. This is not necessary in case of a voluntary convey-

**2. FRAUDULENT conveyance: pleading.**
ance from the husband to the wife. If the conveyance is without consideration, and made at a time when the husband is largely indebted and insolvent, the conveyance is presumptively fraudulent. The rule is the same where the husband's money is used in purchasing property which is conveyed to the wife.

III. It is urged that the payment of the $900 to the wife was in discharge of a valid debt due from the husband to her.

**3. HUSBAND and wife: earnings of: creditors.**
The evidence does not support this claim. The parties were married in 1865, at which time neither of them had any money or property. The wife never acquired anything from any source outside of the family. The husband conducted his own business and managed and controlled the property. Under these circumstances any arrangement by which the husband acknowledged an indebtedness to the wife would be unavailing as against the creditors

of the husband. Her earnings, unless acquired in carrying on an independent business of her own, could not be made the basis of a claim against her husband to the prejudice of his creditors.

AFFIRMED.