BOULTON & CO. v. HAHN ET AL.

1. Conveyance: VOLUNTARY: VOID: HUSBAND AND WIFE. A conveyance made to the wife, the consideration for which was property owned by the husband, is voluntary and therefore void as to existing creditors of the husband.

*Appeal from Taylor Circuit Court.*

THURSDAY, JUNE 8.

THE defendants are husband and wife, and this action in equity was brought to set aside a conveyance of real estate to the defendant Helena on the ground the title was vested in her to defraud the creditors of her husband. There was a reference to a referee who found and reported in favor of the plaintiff. The report was confirmed, and the relief asked in the petition granted. The defendant's appeal

*Whiffin & Brown,* for appellants.

*A. J. Johnson* and *G. L. Finn* for appellees.

Boulton & Co. v. Hahn.

SEEVERS, CH, J.—It is conceded this cause is triable anew in this court. The evidence is brief and disputed questions are few. Mrs. Kones the mother of the defendant Helena held the title to certain real estate in Missouri. This property with other real estate, the title to which was in defendant Nicholas, was traded by the latter for a team, wagon, harness and note for $40. The team, wagon and harness, was traded by said Nicholas for the property in controversy, and the deed therefor made to Mrs. Hahn. One question is to whom did the real estate in Missouri belong. The appellee insists to said Nicholas in fact. As against him there is evidence so tending but as the evidence consists of his declarations made when his wife was not present, we do not think she is bound thereby. But it is in evidence that Mrs. Hahn said her husband took to Missouri $4,000, and that the house in controversy was all they had left. This tends strongly to show the house was not obtained with means given her by her mother. Besides this the title to a part of the property traded for the team, was in said Nicholas. It is not claimed this property did not belong to him. He then at least had an interest in the team. The defendants testsfy Mrs. Kones gave the team to her daughter. The trading was all done by said Nicholas and he had the team in his possession about six weeks, using and controling it as his own. During such time he executed a mortgage on it for money borrowed by him. His wife knew of this fact and there is no evidence tending to show she asserted the team belonged to her, or done anything which could be construed as so tending, until after the commencement of this action. We think the facts aforesaid create a preponderance of the evidence in favor of the proposition that the team did not belong to Mrs. Kones, but to said Nicholas. It is true the latter might have done all he did as the agent of his wife but this cannot be presumed. There is no pretence Mrs. Hahn paid anything for the team or lot, and she testifies she knew her husband was indebted to plaintiff's at the time the conveyance was made to her. It

*1. CONVEYANCE: voluntary: void: husband and wife.*

was therefore without consideration and voluntary and must be held void as to existing creditors. *Moore v. Orman et al.*, 56 Iowa, 39. A new trial was asked because of suspense. It is suggested but not pressed, in argument the court erred in overruling the motion.

It is sufficient to say we do not concur in this view.

AFFIRMED.