## BREWSTER v. REEL.

1. **Evidence:** WRITTEN CONTRACT: COLLATERAL ORAL AGREEMENTS. Collateral oral agreements, while they are inadmissible to vary a written contract, may be proved for the purpose of showing that the contract never had a legal existence. (Compare *Bowman v. Torr*, 3 Iowa, 573.)

2. **Partnership:** POWER OF PARTNER TO CONVEY FIRM PROPERTY TO PAY COPARTNER'S DEBT. A partner has no power to convey the firm property to pay the debt of his copartner, without the latter's consent; which cannot be presumed from any supposed advantage to him of the transaction.

3. **Bill of Sale:** DELIVERY. A bill of sale made to secure a claim is delivered to the owner of the claim by delivery to his attorneys authorized to secure the claim.

*Appeal from Council Bluff's Superior Court.*—HON. E. E. AYLESWORTH, Judge.

FILED, MAY 22, 1888.

ACTION to recover the possession of personal property of the agreed value of twenty-one hundred and fifty dollars. The case was tried to the court, and judgment rendered for defendant. The plaintiff appeals.

*Smith & Harl,* for appellant.

*Wright, Baldwin & Haldane,* for appellee.

ROBINSON, J.—On the eighteenth day of November, 1885, the copartnership of P. C. & W. D. Kirkland was engaged in business in the city of Council Bluffs, and owned the stock of goods in controversy. P. C. Kirkland, a member of the firm, was at that time indebted to plaintiff. On the day named, the plaintiff telegraphed from Kansas to a law firm in Council Bluffs: "Attach or secure my claim against P. C. Kirkland." Members of the firm, which received the dispatch on the day it was sent, procured from P. C. & W. D. Kirkland a bill of sale covering their stock in trade, which included the property in controversy. The bill of sale was in favor of plaintiff, was executed by W. D. Kirkland in the name of the firm, and was recorded on the day of its date. After it was recorded, the defendant, as sheriff, levied upon the property in question, and subsequently sold it, and applied the proceeds to the payment of a judgment against W. D. Kirkland. Plaintiff seeks to recover by virtue of the bill of sale.

I. The assignment of errors presents for our consideration the correctness of the rulings of the superior court in admitting certain testimony. It

1. EVIDENCE: written contract: collateral oral agreements.

was contended by defendant that there was no consideration for the bill of sale; that it never had a legal existence, and was never in fact delivered. The testimony to which objection was made, in fact, tended to show that the bill of sale was given on account of the personal debt of P. C. Kirkland, without his consent or knowledge. It also tended to show that, during the conference which led to the execution of the bill of sale, the attorneys for plaintiff told W. D. Kirkland that it was their desire to secure for plaintiff whatever interest P. C. Kirkland had in the stock; that the bill of sale should be given only to secure to plaintiff any claim which P. C. Kirkland

might have in the goods after the creditors of the firm
and W. D. Kirkland, Jr., had been paid their claims;
and that the bill of sale was given pursuant to these
propositions.  As we understand the record, this evi-
dence was objected to on the ground that it sought to
vary and contradict the terms of a contemporaneous
written instrument.  It is evident that parol evidence
would not be competent to give to the instrument the
effect which seems to have been contemplated in the
preliminary negotiations; but it was competent as tend-
ing to show, in connection with other evidence, that the
instrument never in fact had a legal existence.  *Bowman
v. Torr*, 3 Iowa, 573; 1 Greenl. Ev. sec. 284; 2 Whart.
Ev. sec. 927, and notes; 2 Tayl. Ev. sec. 1135.  While it
is true, as a rule, that each partner is authorized to act
for and in the name of the firm, yet his
power to do so is limited to matters within
the scope and ordinary business transactions
and purposes of the copartnership.  *Board-
man v. Adams*, 5 Iowa, 229.  It is well
settled that a partner cannot pledge the firm credit, nor
use the firm property, to secure or pay his individual
debts.  *Sternburg v. Callanan*, 14 Iowa, 256; *Rutledge
v. Squires*, 23 Iowa, 58; *First Nat. Bank v. Carpenter*,
34 Iowa, 436; *Waller v. Davis*, 59 Iowa, 108; *Thomas
v. Stetson*, 62 Iowa, 537.  In this case, W. D. Kirkland
did not attempt to transfer the firm property on account
of his own liability, but he did attempt to transfer it on
account of the debt of a copartner.  Had the latter
requested or ratified such use of the firm property, it
may be conceded that a valid title to the goods in con-
troversy would have vested in plaintiff; but, as we have
seen, the bill of sale was executed without the consent
or knowledge of P. C. Kirkland.  It is not shown that
he ratified it, and his assent cannot be presumed from
the fact that it was made on account of his personal
debt.  It is shown that there are numerous creditors of
the firm, and he may have desired to have them first
paid from the firm property, or he may have preferred
some other disposition of it.  So far as is shown by the

2. PARTNERSHIP: power of partner to convey firm property to pay copartner's debt.

record, the bill of sale was as unauthorized as though it had been designed to pay a liability of the partner who executed it. This being true, there does not appear to have been any authority to execute and deliver it for the purpose stated. The evidence in question tended to establish these facts, and was admissible for that purpose. No question is made by the assignment of errors as to the sufficiency of the evidence, in case it was admissible, to sustain the finding of the court.

II. Complaint is made that one of the attorneys who acted for plaintiff in taking the bill of sale was permitted to testify to a conversation he had 3. Bill of sale: with plaintiff, while the relation of attorney delivery. and client existed, in regard to the alleged refusal of plaintiff to accept the bill of sale. Under the view we take of the case, the question is not material. It may be well to say, however, that the attorneys were authorized to secure a claim against P. C. Kirkland; hence delivery of the bill of sale to them was, in law, a delivery to plaintiff.

Objection is made to other evidence; but the evidence was not prejudicial, in view of the facts and law of the case, and need not be considered at length.

AFFIRMED.