CLAFLIN & THAYER ET AL., APPELLANTS, VS. GEORGE H. AMBROSE, AS SURVIVING PARTNER OF RAULERSON & AMBROSE, ET AL. APPELLEES.

1. Where one partner purchases real property with partnership assets and takes the title thereto in the name of his wife, without the consent of the other partner, a trust results to the partnership and its creditors.

2. A transfer of partnership assets by one partner without the consent of the others, in payment of his individual debt, is a fraud upon the other partners, and does not divest the title of the partnership.

3. In a suit to set aside a conveyance made by a husband to his wife as fraudulent, brought by his creditors, whose claims existed at the date of such conveyance, the burden of proving a consideration proportionate to the value of the land conveyed, is upon the wife, and clearer and fuller proof is required than if the transaction had been between strangers.

4. A voluntary conveyance of real property not his homestead, made by a husband to his wife when in failing circumstances, is void as to his creditors whose claims existed at the date of such conveyance.

5. A court of equity will entertain jurisdiction of a suit brought by a partnership creditor against the surviving partner and the administrator of a deceased partner to enforce the payment of

a partnership debt out of real property of the deceased partner, which was fraudulently conveyed by him in his lifetime to his wife, although such partnership debt had not been reduced to a judgment against such surviving partner at the commencement of such suit.

Appeal from the Circuit Court for Alachua county.

### STATEMENT.

Charles F. Claflin filed a creditor's bill on the 21st of July, 1885, in the Circuit Court of Alachua county, in chancery, against George H. Ambrose, Samuel C. Tucker, as administrator of Hardee Raulerson, deceased, Sarah E. Raulerson, W. L. Ambrose, Walter G. Robinson and Alonzo B. Cushman, as assignee of Raulerson & Ambrose, and therein charged, that during the summer and fall of 1884, the late firm of Raulerson & Ambrose composed of Hardee Raulerson and George H. Ambrose, became indebted to him in the sum of $1,387.57 which they failed to pay and afterwards fraudulently disposed of all of their real and personal property to divers persons for the purpose of defeating him in the collection of said sum of money. George H. Ambrose conveyed, without any consideration, to his son W. L. Ambrose certain real property described in exhibit B. attached to the bill. This conveyance was recently made although it is dated May 24th, 1882. Hardee Raulerson in July, 1884, purchased from Reed F. Tillis for Raulerson & Ambrose certain real property described in exhibit C. attached to the bill and paid for it with partnership assets, but had the title made to Sarah E. Raulerson, his wife. He also conveyed to her other real property described in exhibit D. attached to the bill and also conveyed to P. W. W. Sparkman his brother-in-law certain other

real property described in exhibit E. attached to the bill. The former of these deeds is dated May 30th and the latter September 24th, 1884. Afterwards on the 31st of March, 1885, Sparkman conveyed the real property last mentioned to Sarah E. Raulerson. These several conveyances were without consideration and voluntary, although a valuable consideration was stated in each of them, and were made for the purpose of defrauding, hindering and defeating the plaintiff in the collection of his debt. George H. Ambrose conveyed to Walter G. Robinson a large tract of land described in exhibit G. attached to the bill. This conveyance is dated October 11th, 1884, and was without consideration although a consideration of $1,000 is therein stated.

Raulerson & Ambrose on October 11th, 1884, assigned to Alonzo B. Cushman all of their assets consisting of real property and a stock of merchandise in trust for the payment of their debts. This assignment and the several deeds of conveyance were executed by Hardee Raulerson and George H. Ambrose in fraud of their creditors while in failing circumstances.

Hardee Raulerson died in 1884 intestate and on the 7th of July, 1885, Samuel G. Tucker was duly appointed and qualified as his administrator. After his death the plaintiff brought suit against George H. Ambrose as his surviving partner, in the Circuit Court for Alachua county and recovered a judgment against him on February 2d, 1885, for $1,387.57 damages and $7.68 costs, and caused execution to be issued thereon, upon which the sheriff returned *nulla bona.* This judgment is still unsatisfied and George H. Ambrose and the estate of Hardee Raulerson are insolvent.

The plaintiff then prayed that Cushman be enjoined from paying out or disposing of any of the moneys or other assets in his hands as assignee of Raulerson & Ambrose until the determination of this suit and be required to make and exhibit to the court a true and perfect schedule and statement of every dollar received and paid out by him as such assignee with all vouchers pertaining thereto, and pay to the plaintiff all of the moneys and assets remaining in his hands in satisfaction and payment of his debt. And if the assets in the hands of said assignee should be insufficient to pay said debt then that said conveyances be cancelled and the property thereby conveyed be sold to satisfy it, and for such other and further relief as shall be equitable, etc.

George H. Ambrose made a separate answer and therein admitted that Raulerson and Ambrose became indebted to the plaintiff in the sum of $1,387.57 at the time stated in the bill; that he made the several conveyances to W. L. Ambrose and Walter G. Robinson; that Raulerson & Ambrose made the assignment to Cushman; that Raulerson died during the year 1884, and that the plaintiff reduced his demand to a judgment against this defendant as surviving partners of Raulerson & Ambrose, and caused execution to issue thereon, upon which the sheriff returned *nulla bona;* but denied that the several conveyances and deed of assignment were without consideration and fraudulent as to the plaintiff; and also denied all knowledge and information relative to the other allegations in the bill.

Walter G. Robinson also made a separate answer and therein admitted that George H. Ambrose made

6

the conveyance to him of which exhibit G. attached to the bill is a copy, but denied that it was without consideration and fraudulent as to the plaintiff and also denied any knowledge or information relative to the other allegations in the bill. He alleged that since this conveyance was made to him and before the institution of this suit he sold and conveyed the property therein described to one Alexander G. Middleton for $1,000 and has no estate or interest therein.

W. L. Ambrose also made a separate answer and therein admitted that George H. Ambrose made the conveyance to him of which exhibit B. attached to the bill is a copy, but denied that it was without consideration and fraudulent as to the plaintiff and also denied any knowledge or information relative to the other allegations in the bill.

Samuel C. Tucker, as administrator, etc., of Sarah E. Raulerson, and Alonzo B. Cushman severally demurred to the bill and the court overruled these demurrers and required them to answer.

Sarah E. Raulerson then made her separate answer and therein admitted that Hardee Raulerson made to her the conveyance of which exhibit D. attached to the bill is a copy and to P. W. W. Sparkman the conveyance of which exhibit E. attached to the bill is a copy, and that P. W. W. Sparkman made to her the conveyance of which exhibit F. is a copy, but denied that these several conveyances were fraudulent as to the plaintiff. She also denied that the land which Hardee Raulerson purchased from Reed Tillis was paid for with money or assets of Raulerson & Ambrose and alleged that the purchase money for said land as well as that described in exhibits D., E. and F. was paid out of money arising from the sale of her

separate statutory property and that the said convey-ances were made to her prior to the creation of the plaintiff's demand.

Alonzo B. Cushman also made a separate answer and therein admitted that Raulerson and Ambrose made the assignment of which exhibit H. is a copy, and that he was therein appointed assignee and took possession of and sold the property assigned to him and out of the proceeds arising therefrom paid the creditors who were preferred and has on hand a balance of $1,466.69 but denied that the assignment was fraudulent as to the plaintiff or the other creditors, and also denied any knowledge or information relative to the other allegations in the bill.

The plaintiff filed replication to these several answers, dismissed his suit as to W. L. Ambrose on July 24th, 1886, and afterwards amended his bill by making Meinhard Bros. & Co., Herman & Kayton, The Bradley Fertilizer Company, and Reisser & Stern Co. plaintiff and Samuel H. Weinges as sheriff and ex-officio administrator of Hardee Raulerson deceased a defendant and alleging that on the 9th of October, 1885, Meinhard Bros. & Co. recovered a judgment at law against George H. Ambrose as surviving partner of Raulerson & Ambrose in the Circuit Court for Alachua county upon a debt due by said firm for $1,139.67 damages together with $7.53 costs, and Herman & Kayton also recovered a like judgment against the same defendant in the court aforesaid for $880.09 damages and $6.40 costs, and The Bradley Fertilizer Company on November 19th, 1885 recovered a like judgment against the same defendant in the same court for $1,362.69 and $7.18 costs, and Reisser & Stern on July 28th, 1886, recovered a like judgment against the same defendant and

in the same court for $490.28 damages and $6.48 costs. and that execution was issued upon each of said judgments and a return of *nulla bona* made thereon by the proper officer, and that George H. Ambrose and the estate of Hardee Raulerson are insolvent.

Samuel H. Weinges as administrator, etc., made his separate answer to the amended bill and therein admitted that Raulerson & Ambrose were indebted to plaintiff as alleged in the bill and that judgments were recovered against George H. Ambrose as surviving partner of Raulerson & Ambrose and that executions were issued thereon and returned as alleged in the bill, and that the said judgments were still unsatisfied and that no property belonging to Raulerson & Ambrose or either of them could be found on which to levy said executions. He also admitted that Hardee Raulerson died intestate and that his estate was insolvent but denied any knowledge relative to the other allegations in the bill.

The cause was afterwards heard upon the pleadings and evidence and the judge decreed as follows, *viz:*

1. That the deed made by Reed F. Tillis and Annie E. Tillis to Sarah E. Raulerson dated the 26th of July, 1884, and the deed made by Hardee Raulerson to Sarah E. Raulerson dated 30th of May, 1884, and the deed made by Hardee Raulerson to P. W. W. Sparkman dated the 24th of September, 1884, and the deed made by P. W. W. Sparkman to Sarah E. Raulerson dated the 31st of May, 1885, were made in good faith, for a valuable consideration and free from fraud and not for the purpose of defrauding the creditors of the firm of Raulerson & Ambrose or Hardee Raulerson and that the bill be dismissed as to Sarah E. Raulerson and the costs of the suit be taxed against the plaintiff.

2. That the deed made by George H. Ambrose and Stella T. Ambrose to Walter G. Robinson dated the 11th of October, 1884, and the deed made by these same grantors to W. L. Ambrose dated the 24th of May, 1882, were made for a valuable consideration and were free from fraud and were not made to defraud creditors and are not subject to the judgments mentioned in the bill.

'3. That Alonzo B. Cushman be allowed to retain for his services and expenses in managing the property assigned to him the sum of $1,140 and that the balance in his hands amounting to $334.36 be paid by him to the general creditors *pro rata*, and upon his report of the disbursement of said sum accompanied by vouchers he will be discharged, his accounts, actings and doings as such assignee as reported by him are approved.

4. That the plaintiffs pay the cost of this suit to be taxed by the clerk, etc.

The plaintiffs were dissatisfied with this decree and appealed therefrom.

*W. W. Hampton*, for Appellants.

*E. C. F. Sanchez*, for Appellees.

(Judge Malone, of the Second Judicial Circuit, sat in the place of Mr. Justice Taylor, who was disqualified):

MALONE, Circuit Judge:

I. Admitting and considering the testimony of Sarah E. Raulerson to communications and transactions between her and her deceased husband, Hardee Raulerson, is assigned as error. This testimony is insufficient to change the conclusions we have reached, and

considering it under the circumstances of this case is harmless to the plaintiffs; and for this reason we deem it unnecessary to decide the question of the competency of this witness. Therefore we express no opinion as to her competency to testify to these communications and transactions.

II. Decreeing that the deed made by Reed F. Tillis and Annie E. Tillis to Sarah E. Raulerson, dated July 26th, 1884, was made in good faith, and for a valuable consideration, and was free from fraud, is also assigned as error. A proper determination of this assignment will necessitate a review of the evidence relative to this conveyance. Upon examining this evidence we discover that Hardee Raulerson purchased the property described in this deed from Reed F. Tillis on the 2d of April, 1884, at the price of $160, and paid $40 thereof in cash out of copartnership moneys, and satisfied the balance of $120 by crediting the indebtedness of Reed F. Tillis to the copartnership therewith, and entered the transaction upon the copartnership books. These books show that Reed F. Tillis was credited with $160, the purchase price of this property, and the property was debited with $40, cash paid to Reed F. Tillis, and $120 credited to his indebtedness, making $160. Reed F. Tillis and his wife, for the consideration above stated, and at the request of Hardee Raulerson, made the conveyance in question to Sarah E. Raulerson. Afterwards, on October 1st, 1884, Hardee Raulerson charged himself with $160, the purchase price of this property, on the copartnership books, and ten days thereafter joined with Ambrose, his copartner, in the assignment for the benefit of their creditors. Prior to and during these several transactions, Raulerson & Ambrose were indebted to these plaintiffs, and in fail-

ing circumstances.   It is evident that Raulerson pur-
chased this property with partnership funds and had
the title thereto conveyed to his wife.   Under these
circumstances, if he had taken the title to himself, a
trust would have resulted to the partnership.   Perry
on Trusts, 127.   And taking the title in his wife can
not defeat this trust.   It is contended, however, that
the title to this property was transferred to Mrs. Raul-
erson in liquidation of the individual indebtedness of
her husband, Hardee Raulerson, to her.   The testi-
mony does not support this contention.   This prop-
erty was impressed with a resulting trust in favor of
the partnership, when purchased by Raulerson with
partnership funds, and became an asset of the partner-
ship; and his transfer of it to his wife in payment of
his individual indebtedness to her, without the consent
of his copartner, was a fraud upon the copartner, and
did not divest the title of the partnership.   Cannon
vs. Lindsey, 85 Ala. 198, 3 South. Rep. 676; Brewster
vs. Reel, 74 Iowa, 506, 38 N. W. Rep. 381; Hartley vs.
White, 94 Penn. St. 31.   Therefore we are of the opin-
ion that this property is subject to a resulting trust in
favor of the copartnership of Raulerson & Ambrose
and their creditors.

III.  Decreeing that the deed from Hardee Rauler-
son to Sarah E. Raulerson, dated May 30th, 1884, was
made in good faith, and was free from fraud, is also
assigned as error.   This is a conveyance made by the
husband directly to the wife, without the intervention
of a trustee, and, under the strict rule of the common
law, is void.   Therefore it is necessary to ascertain
whether it was made for such consideration and under
such circumstances as will commend it to the favor-
able consideration of a court of equity, and induce that

court to uphold it. If made upon a good and merito-
rious consideration, is free from fraud, and does not
interfere with existing rights, a court of equity will
sustain it. Waterman vs. Higgins, 28 Fla. 660, 10
South. Rep. 97. Adverting to the testimony relative
to this deed, we discover that at the time of its execu-
tion Raulerson & Ambrose were not only indebted to
the plaintiffs in the several sums as stated in the bill,
but were also in failing circumstances, if not wholly
insolvent. Under these circumstances the burden was
on Mrs. Raulerson to prove a consideration for the
deed not materially disproportionate to the value of
the land conveyed to her, and the conveyance being
from her husband, a clearer and fuller measure of proof
was required than if the transaction had been between
strangers. Post vs. Stiger, 29 N. J. Eq. 554; Medsker
vs. Bodebrake, 108 U. S. 66, 2 Sup. Ct. Rep. 351; Hor-
ton vs. Dewey, 53 Wis. 410, 10 N. W. Rep. 599; Fisher
vs. Shelver, 53 Wis. 498, 10 N. W. Rep. 681; Wedg-
worth vs. Wedgworth, 84 Ala. 274, 4 South. Rep. 149.
Mrs. Raulerson has failed to establish a valuable con-
sideration for this deed, with that measure of proof
which is required in such cases; and in the absence of
such proof we must conclude that this was a voluntary
conveyance by the husband to the wife, and fraudu-
lent as to these plaintiffs. Alston vs. Rowles, 13 Fla.
117.

IV. Decreeing the deed from Hardee Raulerson and
wife to P. W. W. Sparkman, dated September 24th,
1884, and the deed from P. W. W. Sparkman to Sarah
E. Raulerson, dated May 31st, 1885, were made in
good faith, for a valuable consideration, and were free
from fraud, is also assigned as error. Both the con-
sideration and the *bona fides* of these deeds are dis-

puted.   The deed from Raulerson and wife purports
to convey the real property therein described to Spark-
man for a consideration of $500 paid by him, and the
deed from Sparkman purports to convey the same real
property back to Mrs. Raulerson for a consideration
of $500 paid by her.   But upon adverting to the testi-
mony, we discover that Sparkman paid Raulerson no
consideration, and Mrs. Raulerson paid Sparkman
none.   Indeed, no valuable consideration whatever
passed from the grantees to the grantors to support
these deeds, although a valuable consideration is ex-
pressed in both of them.   The deeds were wholly vol-
untary, and were simply the means used to transfer
the title to this property from Raulerson to his wife.
At the time of these transactions Raulerson & Am-
brose were indebted to the plaintiffs in the several
sums of money as stated in the bill, and were insol-
vent.   Under these circumstances Raulerson's volun-
tary transfer of this property to his wife was fraudu-
lent and void as to his existing creditors, unless the
property therein conveyed was exempt from the de-
mands of such creditors.   Gear vs. Schrei, 57 Iowa
666, 11 N. W. Rep. 625; Triplett vs. Graham, 58 Iowa,
135, 12 N. W. Rep. 143; Boulton & Co. vs. Hahn, 58
Iowa, 518, 12 N. W. Rep. 560; Adams vs. O'Rear, 80
Ky. 129; Wiswell vs. Jarvis, 9 Fed. Rep. 84; 8 Am. &
Eng. Ency. of Law, 765, note 1.   And the intervention
of Sparkman to effect such transfer will not give it
validity; for what can not be done directly can not be
done indirectly. 8 Am. & Eng. Ency. of Law, 761.   There
is nothing in the pleadings to indicate that any part
of the property embraced in this deed was the home-
stead of Hardee Raulerson and exempt from his debts,
but the testimony shows that some part of it was oc-

cupied and used by him and his family, of which he was the head, as a homestead. We are unable to ascertain from the testimony a description of the lands and tenements which were thus occupied and used. The homestead being exempt from the demands of creditors, a voluntary conveyance of it could not be fraudulent as to them; hence this conveyance is valid as to the homestead, but void as to the other property not embaced in the homestead.

V. Allowing Alonzo B. Cushman to retain $1,140 for his services and expenses as assignee, and directing him to pay the balance in his hands, amounting to $334.36, to the general creditors of Raulerson & Ambrose *pro rata*, is also assigned as error. The deed of assignment is legal on its face, and the testimony disclosed no fraud or illegality in its inception or execution. The allowance to the assignee, as compensation for his services and expenses, is shown by the testimony to be reasonable, and the direction to pay the balance in his hands to the general creditors *pro rata* accords with the terms of the assignment.

There are other assignments of error which we deem it unnecessary to notice, because they are embraced in those which have been considered.

The appellees contend that none of these plaintiffs, except Claflin, had reduced their claims against Raulerson & Ambrose to judgments against George H. Ambrose, as the surviving partner, at the commencement of this suit, and for that reason can not obtain any relief in a court of equity. This is a suit by the creditors of a partnership against the administrator of a deceased partner to enforce the payment of a partnership debt out of his estate. No action at law will lie; hence the principle that the creditor must exhaust his

remedies at law before he can successfully invoke the
aid of equity, does not apply to this case.　Courts of
equity have exclusive jurisdiction in cases of this
character; and the creditor of the partnership can sue
the administrator of the deceased partner in equity at
his option, without first suing the surviving partner at
law.　Fillyau vs. Laverty, 3 Fla. 72.

The decree adjudging the deed of Tillis and wife to
Mrs. Sarah E. Raulerson, and the deed of Hardee
Raulerson to Sarah E. Raulerson, and that from Har-
dee Raulerson and wife to P. W. W. Sparkman, and
from P. W. W. Sparkman to Sarah E. Raulerson, to
be valid and free from fraud as against complainants,
is hereby reversed with directions that the court ascer-
tain, in accordance with its practice, what portion of
the premises embraced in the deed from Raulerson to
Sparkman was the homestead of Raulerson at the
time of said conveyance; and that upon its ascertain-
ment that the bill be dismissed as to it; and further,
that a decree be entered subjecting the other property
mentioned in said deeds to the demands of complain-
ants, and in other respects the decree is affirmed.