THE BLACKSHEAR MANUFACTURING COMPANY, *Appellant.*
v. ADA MCCLENNY, *et al., Appellees.*

Opinion filed February 26, 1918.

1. Real property, the title to which is held by a wife, is not subject to levy and sale under an execution at law issued upon a judgment recovered against the husband.

2. In such a case equity will enjoin the sale of the property levied on.

Appeal from Circuit Court for Alachua County, J. T. Wills, Judge.

Decree affirmed.

*T. B. Ellis, Jr.,* and *E. G. Baxter,* for Appellant;

*Evans Haile,* for Appellee.

WEST, J.—This suit was brought by Ada McClenny, who was joined by her husband C. B. McClenny, against The Blackshear Manufacturing Company, a corporation, and P. G. Ramsey as Sheriff of Alachua County.

The bill was filed on the 29th of November, 1912, and the primary object of the suit was to restrain the sale of certain lands which are described in the bill of which the complainant Ada McClenny is alleged to be the owner in fee simple.

The bill alleges that some time prior to the institution of the suit The Blackshear Manufacturing Company, a corporation, one of the defendants, obtained a judgment, the exact date of which is unknown to the complainants, against B. D. Hires and C. B. McClenny for an amount

unknown to complainant; that said company had caused an execution to be issued upon said judgment and placed in the hands of said sheriff who had levied same upon the lands described in the bill and had advertised said lands for sale as the property of C. B. McClenny.

It was further alleged that a sale of said lands under said alleged execution and a sheriff's deed therefor would be a cloud upon complainant's title to said lands, and a copy of the notice of sale was attached to the bill as an exhibit.

The prayer was for an injunction and for general relief.

A temporary restraining order was issued on the same day by a Court Commissioner in the absence of the Circuit Judge from the county.

The bill was not demurred to but on the 7th day of July, 1913, an answer was filed by the defendant The Blackshear Manufacturing Company, denying the ownership of said lands by the complainant Ada McClenny, and admitting that it had caused said sheriff to levy upon and advertise said land for sale by virtue of an execution issued upon a judgment which it had obtained against said D. B. Hires and C. B. McClenny.

Testimony was taken before a Special Master appointed by the court for this purpose who filed his report on June 27th, 1916, whereupon a final decree was rendered by the Circuit Judge making the temporary injunction theretofore entered in said cause perpetual.

The appeal is from this final decree and the errors assigned are that (1) the court erred in finding and decreeing the equities to be with the complainant; (2) the court erred in making the temporary injunction perpetual; (3) the court erred in considering the testimony of Ada McClenny; (4) the court erred in declining to

dissolve the temporary injunction, and (5) the court erred in denying the motion of defendant to strike all the testimony of the witness Ada McClenny.

In the consideration of this case we are met at the very threshold with the fact that the legal title to the property levied upon and advertised for sale is in the complainant Ada McClenny. Title to the property was acquired by her by deed in the usual form and with the usual covenants of warranty from The Cummer Lumber. Company, a corporation, to her dated the 1st day of January, 1904. There can be no controversy on this point. It was conceded by counsel for appellant in his oral argument in this court. The execution under which the property is advertised for sale was issued upon a judgment recovered against D. B. Hires and C. B. McClenny, the husband of Ada McClenny.

In this situation the attempted sale of the property was unauthorized. Even if it was held by the complainant under a secret trust for her husband it was not subject to levy and sale under an execution at law upon a judgment recovered against him. Guggenheimer et al. v. Davidson, decided here at the last term; Thalheimer Bros. v. Tischler, 55 Fla. 796, 46 South. Rep. 514. In such a case equity will enjoin the sale of the property levied upon. Hill v. Meinhart, 39 Fla. 111, 21 South. Rep. 805.

Since the property of the complainant advertised for sale was not subject to levy and sale under the execution, other questions presented become immaterial and a consideration of them unnecessary.

The decree appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.