**TRUEMAN FERTILIZER COMPANY, a corporation, and GEORGE R. MILAM, v. FRITZ STEIN, et al.**

26 So. (2nd) 893
July 19, 1946
Rehearing denied July 31, 1946

June Term, 1946
Division A

*Carroll Dunscombe* and *Thomas B. Adams,* for appellants.
*E. M. Baynes,* for appellees.

TERRELL, J.:

Hans Stein died in 1930, being then indebted to Trueman Fertilizer Company. Hans J. Stein, son of the deceased, was appointed administrator of his estate and qualified as such by filing a bond to account for the personal assets. Trueman Fertilizer Company filed its claim, as required by law, and petitioned the court to have the real estate sold to satisfy the claims against the estate. Trueman Fertilizer Company's claim was the only one on file, and the time to file others had run.

The court granted the latter petition, had the real estate appraised, and authorized its sale. It was sold to Fritz Stein, a brother of the administrator. The administrator gave no bond to account for the proceeds of the sale, the debt of the Trueman Fertilizer Company was not paid, so it brought suit and recovered a judgment against the administrator of Hans Stein's estate. An execution was placed in the hands of the sheriff, who levied on and advertised the lands for sale. Fritz Stein then filed his bill of complaint in this cause, praying that the sale be enjoined. On final hearing, the court found for the complainant, enjoined the sale, and the defendant appealed.

In the final decree there was involved defendant's answer and counterclaim to the bill of complaint, defendant's supple-

mental answer and counterclaim, plaintiff's reply thereto, the answer of the intervenor, the report and findings of the special master, and plaintiff's exceptions thereto. These instruments precipitated a volume of pleading that it would serve no useful purpose to detail. An amendment to the bill of complaint was also offered and denied.

The main points challenged here relate to an injunctive order made by a court commissioner, who it is alleged was without authority to do so, testimony that is alleged to have been taken after the time expired, failure to give the required bond, and failure of necessary allegations in the bill of complaint. In the final decree and in the order denying the petition for rehearing, the chancellor resolved these points against appellant and specified his reasons therefor. The most potent of these reasons were that the defendant's attorney was present and participated in taking of testimony and that no appeal was taken from any of the orders complained of.

The record also reveals, so the chancellor found, that the plaintiff paid the administrator $1,875.00 for the land. Defendant's claim was on file with the county judge at the time, and the real estate was sold for the purpose of paying creditors. For aught the record shows, defendant received his part of the proceeds. If he did not, there is no showing that appellee was at fault, and the law does not require that he pursue the funds he paid for the lands to see that they are properly distributed.

Affirmed.

CHAPMAN, C. J., concurs specially.

BUFORD and ADAMS, JJ., concur.

CHAPMAN, C. J., concurring specially:

The record in this cause discloses that Hans Stein died, intestate, in Palm Beach County, Florida, during the year 1930; that at the time of his death he owed the Trueman Fertilizer Company a sum of money as evidenced by a promissory note; and among his assets were certain farm lands situated in said County. He left as his heirs two sons, Hans J. Stein and Fritz Stein, and a daughter. Hans J. Stein was

appointed administrator of his father's estate, but failed to file an inventory of the estate, but promised to pay the Trueman Fertilizer Company note. The note was filed as a claim against the estate about 1936 but was not paid. The note was reduced to judgment, execution issued, and a levy was made on the real estate appearing in the name of Hans Stein at the time of his death in 1930, and the same was advertised for sale on the rule day in August, 1942.

On June 7, 1940, the South Florida Conservancy District conveyed the same real estate to Fritz Stein, which conveyance was recorded in Palm Beach County, Florida, in Deed Book 621 at page 312. Fritz Stein likewise obtained an administrator's deed to this same property from his brother, Hans J. Stein, administrator of the estate of Hans Stein, deceased, and the deed recites a consideration of $1875.00. It is not disputed that the two Stein brothers have been in possession of the farm land since their father's death in 1930.

This land was advertised for sale on the rule day in August, 1942, under the Writ of execution issuing on the judgment of Trueman Fertilizer Company v. Hans J. Stein, as administrator of the estate of Hans Stein, deceased, when the sale was permanently restrained by the lower court. It must be observed that the legal title to the land at the time of the levy under the execution rested in Fritz Stein. The title, we may assume, passed from the estate of Hans Stein prior to the entry of the judgment for the Trueman Fertilizer Company. The lower court correctly restrained the sale of the property. See Macfarlane v. Dorsey, 49 Fla. 341, 38 So. 512; Thalheimer v. Tischler, 55 Fla. 796, 46 So. 514, 17 L. R. A. (NS) 841, 15 Ann. Cas. 863; Blackshear Mfg. Co. v. McClenny, 75 Fla. 308, 78 So. 269; Guggenheimer & Co. v. Davidson, 74 Fla. 485, 77 So. 266.

Fritz Stein and wife filed this suit in equity—praying for a permanent injunction against L. R. Baker, as Sheriff, from selling the described lands under the writ of execution issued on the judgment of the Trueman Fertilizer Company and that the Trueman Fertilizer Company be permanently restrained from selling said land. The lower court, on the issues made by the pleadings and record presented, unquestionably reached

the correct and appropriate conclusion. I concur in both the opinion and judgment of affirmance as prepared by Mr. Justice Terrell. I think the Trueman Fertilizer Company should be allowed or permitted its day in court for a hearing on the question of whether or not the deed from Hans J. Stein, as administrator, to his brother Fritz Stein was made in fraud of the legal rights of creditors of the Hans Stein Estate, inclusive of the Trueman Fertilizer Company.

In a suit brought by a creditor to set aside a conveyance made by or between members of the same family as fraudulent, where the creditor's claim was in existence and not disputed and was being reduced to judgment at a date when the alleged fraudulent conveyance was made, then the burden of proving, as required by law, that the consideration for the deed was *bona fide* and proportionate to the value of the land conveyed is on the grantee in the deed and clearer and fuller proof is required than if the transaction. had been between strangers. See Foster v. Thornton, 131 Fla. 277, 179 So. 882, Harkins v. Holt, 124 Fla. 774, 179 So. 481; Davis v. DeVane, 110 Fla. 108, 148 So. 587; Weaver-Loughbridge Lbr. Co. v. Kirkland, 99 Fla. 427, 126 So. 773; Southern Lbr. & Sup. Co. v. Verdier, 51 Fla. 570, 40 So. 676; Claflin v. Ambrose, 37 Fla. 78, 19 So. 628.

Counsel for appellee cites many authorities to sustain the contention that the proceeding had in the County Judge's Court of Palm Beach County culminating in the Administrator's deed from Hans J. Stein to his brother, Fritz Stein, cannot be collaterally attacked in a court of equity. The answer to this contention is the former holding of this Court. We have held that the County Judge's Court is not a court of general jurisdiction in the course of the common law, and the rule of presumption as to jurisdiction not appearing by its record and when its records and proceedings do not disclose jurisdiction in a particular case, they may be attacked in any collateral proceeding by showing the absence of jurisdiction. Epping v. Robinson, 21 Fla. 36; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666.

In any probate matter an order of a County Judge sitting as a court of probate is subject to being attacked and set aside

.as invalid, either on direct appellate proceedings or by certiorari, or by bill in equity, where the invalid order was made without jurisdiction in the probate Court to enter such an order at the time it was actually entered, and, even though an order of final discharge as administrator be unlawfully entered in a probate court, then the same may be inquired into collaterally by bill in equity. Pitts v. Pitts, 120 Fla. 363, 162 So. 708; American Surety Co. v. Andrews, 152 Fla. 638, 12 So. (2nd) 599; Krivitsky v. Nye, 155 Fla. 45, 19 So. (2nd) 563.

I therefore concur in the opinion and judgment as prepared by Mr. Justice Terrell, but I do not think this judgment is res adjudicate to any other existing rights or remedies of the Trueman Fertilizer Company, except as are made issues and adjudicated in the case at bar.