TERRELL, Justice.
This appeal is from a final judgment secured by the plaintiff, appellee, against defendant, appellant, in an action for malicious prosecution. A large record and briefs have been lodged here and considered but the facts and gravamen out of which the case arose were adequately summarized in the order of the trial court disposing of the motion for new trial and are as follows:
“The theory of plaintiff’s claim is that defendant brought successive civil actions against plaintiff upon the same cause of action, after a previous adverse decision had been rendered which should have then and there settled the controversy. See Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 26 A.L.R. 1004; Annotation 26 A.L.R. 1008.
“Plaintiff’s complaint charges that the following civil actions, lately pending in the Circuit Court of Palm Beach County, were prosecuted maliciously and without probable cause, and that each terminated in plaintiff’s favor: C.L. 9190; C.L. 13,105; Ch. 22,292, and Ch. 23,716.
“By an amendment to the complaint, plaintiff further charged that after this action had been brought for malicious prosecution, defendant initiated a proceeding in C.L. 9190 to amend the final judgment entered therein, and that the attempt to so amend the final judgment likewise terminated in plaintiff’s favor. It is not charged that defendant acted in that particular effort maliciously or without probable cause. (R-737)
“In addition to the several suits thus mentioned in the complaint as amended, two others were referred to by the plaintiff at the pretrial conference, viz., C.L. 11,319 and C.L. 11,601.
“The circumstances leading up to the bringing of this action for malicious prosecution stated in historical order are:
“On October 28, 1940, Trueman Fertilizer Company brought an action at law against Hans J. Stein, as Administrator of the Estate of Hans Stein, deceased, upon a promissory note given by the intestate during his lifetime. Final judgment in favor of Trueman Fertilizer Company was entered June 30, 1941. This case is identical [sic] as C.L. 9190. The sheriff levied execution upon certain real estate which had been previously sold, pursuant to an or *571 der of the County Judge, to Fritz Stein, brother of Hans J. Stein.
“On August 3, 1942, Fritz Stein and his wife brought a suit in Chancery against L. R. Baker, as Sheriff of Palm Beach County, and Trueman Fertilizer Company, to enjoin the execution sale of such real estate. This case is identified as Ch. 17,689.
“On November 13, 1942, Trueman Fertilizer Company filed a counterclaim in that action seeking to have the conveyance of the real estate to Fritz Stein vacated on the ground of fraud and misconduct of Hans J. Stein as Administrator. On August 16, 1945, the Circuit Court entered a final decree granting a permanent injunction, and dismissing the counterclaim. An appeal was taken to the Supreme Court of Florida by Trueman Fertilizer Company, and the Decree was affirmed July 19, 1946. See Trueman [Fertilizer Co.] v. Stein, 157 Fla. 769, 26 So.2d 893.
“On August 27, 1946, Trueman Fertilizer Company brought suit in Chancery against Fritz Stein and wife, Hans J. Stein, individually, and as Administrator, Emil Stein, and Mrs. J. C. Cherry, seeking substantially the same relief, and upon the same grounds, as stated in the counterclaim filed by Trueman Fertilizer Company in Ch. 17689. This action is identified as Ch. 22,-292. On January 7, 1947 the Circuit Court dismissed the action and Trueman (R. 738) Fertilizer Company took an appeal to the Supreme Court of Florida. The Order of Dismissal was affirmed April 3, 1947. See Trueman Fertilizer Co. v. Stein, 159 Fla. 131, 30 So.2d 548.
“On July 17, 1947, Trueman Fertilizer Company brought another suit in Chancery against Hans J. Stein individually and as Administrator, and Fidelity and Casualty Company of New York. By this suit True-man Fertilizer Company sought an accounting. The issues presented by the pleadings were new and somewhat different from previous suits between the parties. This action is identified as Ch. 23,716. On December 17, 1947 the action was dismissed, and Trueman Fertilizer Company appealed to the Supreme Court of Florida. The Order of Dismissal was affirmed July 16, 1948. See Trueman [Fertilizer Co.] v. Stein, 160 Fla. 789, 36 So.2d 449.
“On March 29, 1949, Trueman Fertilizer Company brought an action at law in the name of Fuller Warren as Governor of the State of Florida against The Fidelity and Casualty Company of New York. This action is identified as C.L. 11,319. It was a suit on the Administrator’s bond of Hans J. Stein, but the latter was never made a party to the suit and took no part therein. The action was dismissed July 20, 1949. An appeal was taken by Trueman Fertilizer Company to the Supreme Court of Florida. The appeal was dismissed November 21, 1949. See Warren v. Fidelity, etc., Co., Fla., 43 So.2d 719.
“On September 21, 1951 Trueman Fertilizer Company filed a motion in C.L. 9190 to disallow certain credits claimed by Stein as Administrator and to surcharge him because of misconduct and maladministration of the estate. On October 25, 1951 the Circuit Court denied the motion, and True-man Fertilizer Company appealed to the Supreme Court of Florida. The Order of Dismissal was affirmed June 3, 1952. See Trueman [Fertilizer Co.] v. Stein, Fla., 59 So.2d 365. (R-739)
“On July 31, 1952 Trueman Fertilizer Company brought an action at law against Hans J. Stein as Administrator, and The Fidelity and Casualty Company of New York. This action is identified as C.L. 13,-105. The complaint charged misconduct of Stein as Administrator substantially as charged in the motion to surcharge him previously filed in C.L. 9190. On October 16, 1952 the action was dismissed, and Trueman Fertilizer Company appealed to the Supreme Court of Florida. The appeal was dismissed January 5, 1953. See Warren v. Stein, Fla., 64 So.2d 792.
“On March 11, 1953 Trueman Fertilizer Company filed another motion in C.L. 9190 to amend the Final Judgment entered therein June 30, 1941. The motion was based on the ground that the original judgment should have been ‘a judgment de bonis properis’. On July 10, 1953 the motion was *572 denied by the Circuit Court, and Trueman Fertilizer Company appealed to the Su^ preme Court of Florida. The appeal was dismissed September 17, 1953. See True-man [Fertilizer Co.] v. Stein, Fla., 71 So.2d 913.
“The remaining cause mentioned at the pretrial conference, viz., C.L. 11,601,. can have no bearing on this controversy. It was an appeal by Trueman Fertilizer Company from a judgment of the County Court of Palm Beach County, in a suit brought in the latter court upon the injunction filed ■by the plaintiff in Ch. 17,689. The appeal was determined favorably to Trueman Fertilizer Company by a reversal of the Judgment of the County Court.
“When the several suits mentioned in the complaint are carefully analyzed, it will be found that only two of them, viz., Ch. 22,292 and C.L. 13,105 fall in the category of ‘successive suits against the same person upon the same cause of action,’ brought after a previous adverse decision which should have ended the controversy. There is insufficient evidence to support a finding that the other suits were brought ‘without probable cause.’ (R-740)
“In such state of the record, the verdict is excessive.
“Thereupon, it is ordered and adjudged that if the plaintiff shall, within 10 days after the date hereof, enter a remittitur in the sum of $2,000.00, the verdict will stand for $2,325.00, otherwise a new trial is granted on the question of damages alone.”
The remittitur was entered as ordered and final judgment proceeded accordingly, from which the appeal was prosecuted. We have given thorough consideration to the questions raised, but in view of the long and vexatious period it continued and the various aspects it developed, we think there was a sound predicate for the judgment entered.
It is, therefore, affirmed.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.